**DEDHAM WATER COMPANY, Plaintiff,**

**v.**

**CUMBERLAND FARMS, INC., et al., Defendants.**

**Civ. A. No. 82–3155 Mc.**

United States District Court, D. Massachusetts.

Jan. 3, 1986.

Judgment Order of Jan. 22, 1986.

Thomas F. Holt, Jr., Edward I. Selig, Joanne Kadishi, Lawrence S. DiCara, DiCara, Selig, Sawyer & Holt, Boston, Mass., for plaintiff.

Allan Van Gestel, Goodwin, Proctor & Hoar, Boston, Mass., for defendants.

**MEMORANDUM AND ORDER ON RENEWED MOTION TO DISMISS**

McNAUGHT, District Judge.

Defendant Cumberland Farms, Inc, relies in this motion on the recent decision of the First Circuit Court of Appeals in *Garcia v. CECOS International, Inc.*, 761 F.2d 76 (1st Cir., 1985) asserting that this court lacks jurisdiction because the plaintiff "failed to comply with the 60–day notice requirements applicable to citizens' suits under the Resource Conservation and Recovery Act ('RCRA'), the Clean Water Act ('CWA') and the Comprehensive Environ-

mental Response, Compensation and Liability Act ('CERCLA')".

In 1983 I issued a memorandum and order denying the original motion to dismiss, ruling that plaintiff's substantial compliance was sufficient for jurisdictional purposes, recognizing at the same time that a lack of notice would constitute a jurisdictional defect. *Dedham Water Company v. Cumberland Farms Dairy, Inc., et al.,* 588 F.Supp. 515.

*Garcia,* as plaintiff emphasizes, involved a failure to give *any* pre-suit notice prior to filing a RCRA citizen suit, a private attorney general action. On the other hand, as defendant points out, the First Circuit held that "failure to provide actual notice to the EPA, the state *and the alleged violator* (Emphasis supplied) at least 60 days before the commencement of the action forecloses the possibility of jurisdiction under RCRA", 761 F.2d at 83. The Court was not satisfied with any less than rigid compliance with the requirement. "The notice requirement is not a technical wrinkle or superfluous formality that federal courts may waive at will. We believe that it is part of the jurisdictional conferral from Congress that cannot be altered by the courts. We recognize that some other courts have applied a 'pragmatic' approach to the sixty day notice provision in environmental statutes. ... We decline to follow the direction ... and instead hold that a citizen must wait sixty days after actual notice before commencing a suit ..." 761 F.2d at 79, 80. The Court thus construed the "statutory prerequisites for the maintenance of the initial action". At 79.

■ First, it appears clearly that I must reverse my prior denial of the motion to dismiss the Clean Water Act claim. "Substantial compliance" with the notice provision of § 1365(b) of Title 33 is *not* enough. This Circuit has declined to adopt the "functional" approach. 761 F.2d at 79. As defendant has noted in its Reply Memorandum, at page 5, plaintiff has made no argument on this issue, and doesn't "attempt to salvage its CWA § 505 claim". The claim is dismissed for lack of jurisdiction.

■ Secondly, the RCRA claim is the subject of consideration. In 1983 I wrote that "The notice requirement of RCRA contained in 42 U.S.C. § 6972(b) is virtually identical to the notice requirement of the Clean Water Act, 33 U.S.C. § 1365(b)" and by reason of "constructive compliance" therewith I denied the motion to dismiss. *Garcia,* again, requires reversal of that order. Plaintiff would protest that RCRA § 7002(b)(1)(A) was amended in November of 1984. A citizen suit, under the amendment, could be filed immediately after giving notice to EPA and "the prospective defendant" in cases such as this. Plaintiff, it seems, would concede that this court had no jurisdiction when the action was filed, but asserts that jurisdiction was conferred upon it retroactively [citing *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)] as to this claim, by reason of the amendment. The reasoning employed by plaintiff is disclosed in footnote 5, p. 13, of its Supplemental Memorandum: "Even if *Garcia* would have deprived this Court of jurisdiction under RCRA 7002(b), the intervening RCRA amendment cured any such jurisdictional problems. Yet the defendant would have this Court retroactively apply *Garcia,* but not the Amendment." This reasoning assumes, of course that the court had jurisdiction in the first place—the question now in issue. *Bradley,* in my opinion, does not apply here. The time for determining subject matter jurisdiction is as of the date of filing the action. "Elementary principles provide for jurisdiction to be established by the facts as they exist at the time suit is commenced, and jurisdiction is not conferred or divested by later changes." *Gaunce v. deVincentis,* 708 F.2d 1290 (7 Cir., 1983) cert. den. 464 U.S. 978, 104 S.Ct. 417, 78 L.Ed.2d 354 (1983). The motion to dismiss, as directed to the RCRA claim, is allowed.

■ Finally, as to the CERCLA claim. In 1983 I noted that 42 U.S.C. § 9612 required parties seeking response costs under § 9607 to make demand at least sixty days prior to filing suit, and then ruled that

the plaintiff had complied constructively therewith. *Garcia*, once again, requires dismissal of the CERCLA claim. The plaintiff argues that "CERCLA § 107 actions seek only the recovery of response costs incurred by plaintiffs responding to releases of hazardous wastes—not prospective compliance with environmental laws", and that the notice provision is applicable only to suits where plaintiff seeks reimbursement from the National Oil and Hazardous Waste Trust Fund rather than seeking reimbursement directly from the responsible parties. The Environmental Protection Agency, says plaintiff, has, since my ruling in 1983, (on February 12, 1985) issued amendments clarifying certain provisions of the National Contingency Plan. On November 20, 1985 EPA issued its "final clarifying revisions", stating in the preamble to the regulations that "no federal approval of any kind is a prerequisite to a cost recovery under Section 107". (Plaintiff's Supplemental Memorandum, p. 8, ref. to 50 Fed.Reg. 47934). Plaintiff continues its argument to the effect that since section 107 is "independent from § 112" the 60-day notice provision does not apply where no claim for Fund reimbursement is being made. There is authority to that effect, as cited by plaintiff: *New York v. General Electric Co.*, 592 F.Supp. 291 (N.D.N.Y. 1984). There is authority to the contrary also: *Bulk Distribution Centers, Inc. v. Monsanto Co.*, 589 F.Supp. 1437 (S.D.Fla. 1984) and *United States v. Allied Chemical Corp.*, 587 F.Supp. 1205 (N.D.Cal.1984), and I agree with the latter, as being the better of the two interpretations of the language which requires notice of all claims which may be asserted against the Fund. "Presentment of a demand letter to other potentially responsible parties is a condition precedent to bringing a cost recovery action...." *Bulk Distribution*, supra, at 1448.

I am not hereby removing the cloak of subject matter jurisdiction. I am simply declaring that this court was not so cloaked when I made the decision in 1983 to the contrary. In the light of the *Garcia* decision, I am satisfied that the First Circuit Court of Appeals would so rule, since it has declared that "substantial compliance" with the notice requirements is not the law of this Circuit.

The motion to dismiss the complaint is allowed. So ordered.

### JUDGMENT

In accordance with my Memorandum and Order issued on January 3, 1986, and there having been made an express determination that there is no just reason for delay for the entry of final judgment on less than all issues, pursuant to Rule 54(b), Fed.R.Civ.P., it is hereby ORDERED that the defendants' Renewed Motion to Dismiss is GRANTED.

SO ORDERED.