**MAINE AUDUBON SOCIETY, Plaintiff,**

v.

**Emery and Mireille PURSLOW, Defendants.**

**Civ. No. 87–0297–B.**

United States District Court, D. Maine.

Oct. 9, 1987.

---

Karin R. Tilberg, Maine Audubon Soc., Falmouth, Me., Harrison L. Richardson, Richardson, Tyler & Troubh, Portland, Me., for plaintiff.

Philip R. Foster, Stephen D. Foster, Foster Law Offices, Ellsworth, Me., for defendants.

### ORDER

CYR, Chief Judge.

On September 4, 1987, the plaintiff, Maine Audubon Society, filed a complaint under the citizen suit provision of the Endangered Species Act, 16 U.S.C. § 1540(g)(1)(A), seeking to restrain defendants from further development of the defendants' property as a residential subdivision, thus preserving the property as a bald eagle breeding habitat.[1] On September 9, the court held a hearing (at which the defendants chose not to appear) on the plaintiff's motion for a temporary restraining order. Because a state court restraining order providing relief similar to that sought by plaintiff in this case remained in effect, this court declined to grant the requested relief.

The defendants move to dismiss the complaint on the ground that the plaintiff failed to comply with the 60–day notice requirement of the Endangered Species Act

citizen suit provision, 16 U.S.C. § 1540(g)(2)(A)(i).[2]

### Notice Requirement

A citizen plaintiff seeking to enforce the Endangered Species Act against a private defendant is required to provide written notice of the violation to the Secretary of the United States Department of Interior and to the alleged violator at least 60 days prior to commencing an action. 16 U.S.C. § 1540(g)(2)(A)(i). The plaintiff provided notice to the Secretary of Interior on September 3, 1987, but nowhere in its pleadings does the plaintiff assert that it provided written notice to the defendants, other than by serving upon the defendants the summons and complaint. Moreover, the plaintiff filed its complaint for relief pursuant to 16 U.S.C. § 1540(g)(1)(A) on September 4, 1987 and an Amended Complaint on September 30, 1987, both well before the expiration of the 60–day notice period. The plaintiff contends, however, that the 60–day notice provision "has not, and should not, be construed as an arbitrary prohibition against emergency action while there is the ongoing destruction of endangered species' critical habitat."

The 60–day notice requirement of the Endangered Species Act is virtually identical to the notice requirements in the citizen suit provisions of other environmental statutes. *See, e.g.,* 33 U.S.C. § 1365(b) (Clean Water Act); 42 U.S.C. § 6972(b) (Resource Conservation and Recovery Act). The legislative history of one such provision [3] indicates that Congress envisioned citizen suits

---

**1.** The defendants caused to be prepared a plan subdividing the land, located on Egypt Bay in Hancock County, Maine, into 17 roughly rectangular lots running lengthwise inland from the shore. In addition, the defendants have cleared a roadway running across the lots parallel to and roughly 650 feet from the shore. Although cleared and at least partially stumped, the roadway has not been completed.

The development site contains two American bald eagle nests, one active and the other inactive. The active nest is located near the shore; the other nest, which has been inactive since 1982, is located approximately 450 feet from the shore. These eagles have been a very successful breeding pair since 1979, but they failed to hatch eaglets in the spring of 1987, during which period initial road clearing was taking place on the development site. The defendants'

proposed road runs within a foot of the inland (inactive) nest tree and approximately 650 feet from the shore nest.

**2.** The section reads: "No action may be *commenced* under subparagraph (1)(A) of this section ... prior to sixty days after written notice of the violation has been given to the Secretary [of the Interior], and to any alleged violator of any [provision or regulation under the Endangered Species Act.]" (Emphasis added.)

**3.** In enacting the citizen suit provision of the Endangered Species Act, Congress appeared to have adopted the notice requirement of other statutes without discussion. S.Rep. No. 307, 93d Cong., 1st Sess., *reprinted in* 1973 U.S.Code Cong. & Admin.News 2989, 2999.

to be supplemental to agency enforcement action, providing for a notice period to allow the administrative enforcement office an opportunity to act on the alleged violation. *See* S.Rep. No. 414, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Admin.News. 3668, 3745 (Clean Water Act).

The First Circuit reads the 60–day notice requirement in environmental statute citizen suit provisions strictly. *See Garcia v. Cecos International, Inc.,* 761 F.2d 76, 78–82 (1st Cir.1985) (Resource Conservation and Recovery Act); *Commonwealth of Massachusetts v. United States Veterans Administration,* 541 F.2d 119 (1st Cir. 1976) (Clean Water Act). The *Garcia* court explicitly rejected a more liberal, "functional" approach to the notice provisions adopted by some courts,[4] holding instead that a narrow interpretation of citizen suit provisions is mandated by the Supreme Court decision in *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); by legislative history; and by considerations of public policy. *See* 761 F.2d at 80. The First Circuit adopted the approach taken in *City of Highland Park v. Train,* 519 F.2d 681 (7th Cir.1975), *cert. denied,* 424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337 (1976), in which the plaintiffs unsuccessfully argued that permitting the government agency defendant 60 days to answer the complaint was equivalent to filing the complaint 60 days after providing notice.

■ The First Circuit's analysis of the 60–day notice provisions of the Clean Water Act, in *Commonwealth of Massachusetts v. United States Veterans Administration,* and the Resource Conservation and Recovery Act, in *Garcia,* applies as well to the virtually identical[5] notice provision of the Endangered Species Act. Thus,

the filing of plaintiff's complaint one day after providing notice of suit to the Secretary of Interior requires dismissal; it is not enough for the court to await the passage of 60 days from the filing of the complaint before taking action. *See Garcia,* 761 F.2d at 80.

■ The plaintiff contends that the notice requirement does not apply to emergency actions, such as this request for preliminary, as distinguished from permanent, injunctive relief. The authority cited in support of the distinction is inapposite. In *Sierra Club v. Block,* 614 F.Supp. 488 (D.D.C.1985), the court found that the citizen plaintiff had complied substantially with the 60–day notice requirement by filing its complaint 40 days after giving notice, in view of the fact that the government agency defendant indicated upon receiving the notice of citizen suit that it was firm in its position. Not only has the First Circuit rejected such a functional approach, but the plaintiff in this case waited only one day after notifying the Secretary of Interior before filing its complaint.

The plaintiff's reliance on *Sierra Club v. Froehlke,* 534 F.2d 1289 (8th Cir.1976), likewise is misplaced. In *Froehlke,* the plaintiff brought suit against the government agency defendant under several environmental statutes, but raised its Endangered Species Act claims only ten days prior to trial. The district court denied the defendant's motion to dismiss the Endangered Species Act counts because the evidence necessary to resolve those counts had been fully developed at trial, and allowing the defendant additional time to prepare for trial would have produced no additional evidence. The Eighth Circuit reluctantly upheld the district court, stating: "we would not be cited as authority for future disregard of the notice requirement." 534

---

**4.** *See National Resources Defense Council v. Callaway,* 524 F.2d 79 (2d Cir.1975); *Sierra Club v. Block,* 614 F.Supp. 488 (D.D.C.1985).

**5.** *Compare* 16 U.S.C. § 1540(g)(2)(A)(i) *with* 33 U.S.C. § 1365(b)(1)(A) ("No action may be commenced ... under subsection (a)(1) of this section ... prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the

alleged violation occurs, and (iii) to any alleged violator....") *and* 42 U.S.C. § 6972(b) ("No action may be commenced under paragraph (a)(1) of this section ... prior to sixty days after the plaintiff has given notice of the violation (A) to the Administrator; (B) to the State in which the alleged violation occurs; and (C) to any alleged violator....").

F.2d at 1303. Moreover, the First Circuit has stated that functional considerations such as those taken into account in *Froehlke* are especially inappropriate when a citizen plaintiff seeks to avoid the 60–day notice requirement in *commencing*, as opposed to *continuing*, litigation. *Garcia*, 761 F.2d at 80.

A close examination of the citizen suit provisions of the Endangered Species Act and of other environmental statutes yields additional justification for declining to waive the 60–day notice requirement in this case. In addition to allowing citizen suits against private defendants as in this case, the Endangered Species Act in certain situations allows citizen suits against the Secretary of Interior "where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary." 16 U.S.C. § 1540(g)(1)(C). Although such actions ordinarily require the citizen plaintiff to provide the Secretary 60 days' notice prior to commencing suit, there is an explicit waiver of the notice requirement, and an action may be brought immediately upon providing notice, "in the case of an action under this section respecting an emergency posing a significant risk to the well-being of any species of fish or wildlife or plants." 16 U.S.C. § 1540(g)(2)(C). Similarly, the Clean Water Act dispenses with the 60–day notice requirement in certain suits in which Congress felt immediate judicial attention was warranted. *See* 33 U.S.C. § 1365(b). Congress did not, however, provide for an explicit waiver of the notice requirement in citizen suits against private defendants involving "emergencies,"[6] and had it intended to grant citizen plaintiffs immediate enforcement power against alleged violators in cases such as this rather than against the Secretary of Interior only, it is fair to assume that it would have done so.[7]

The court need not determine whether the appropriate course of action for the plaintiff, in light of its allegation that an emergency exists, was to bring an immediate suit against the Secretary of Interior. The failure to provide 60 days' notice—indeed, to provide *any* notice—to these private defendants prior to filing the complaint clearly abrogated the citizen suit provision of the Endangered Species Act.

Accordingly, it is hereby ordered that the defendants' motion to dismiss be GRANTED. The Clerk of Court is directed to dismiss the action, without prejudice.

SO ORDERED.

---

**6.** The court notes that testimony at the September 9 TRO hearing revealed that the plaintiff was aware of the defendants' subdivision plans well before notice of suit was provided and in ample time for the plaintiff to have followed the proper procedure regarding notice.

**7.** *Compare* 16 U.S.C. § 1540(g)(2)(A)(i) (notice requirement in actions against alleged violators) *with* 16 U.S.C. § 1540(g)(2)(C) (notice requirement in actions against the Secretary of Interior for failure to perform a nondiscretionary duty).