Olaf A. HALLSTROM and Mary E. Hallstrom, husband and wife, Plaintiffs–Appellants, and Cross–Appellees,

v.

TILLAMOOK COUNTY, a municipal corporation, Defendant–Appellee, and Cross–Appellant.

Nos. 86–4016, 86–4100 and 86–4257.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 1987.

Decided Nov. 3, 1987.

As Amended on Denial of Rehearing and Rehearing En Banc April 7, 1988.

Kim T. Buckley and John W. Stephens, Portland, Or., for plaintiffs-appellants and cross-appellees.

I. Franklin Hunsaker, James G. Driscoll and Thomas D. Adams, Portland, Or., for defendant-appellee and cross-appellant.

Before WRIGHT, WALLACE and PREGERSON, Circuit Judges.

## ORDER

The panel voted unanimously to deny the petition for rehearing. The majority of the panel voted to reject the suggestion for rehearing en banc. Judge Pregerson was in favor of granting the suggestion for rehearing en banc.

A call for an en banc vote was made and the case failed to receive a majority of the votes of the active circuit judges in favor of rehearing en banc.

The petition for rehearing is denied and the suggestion for a rehearing en banc is rejected.

## AMENDED OPINION

EUGENE A. WRIGHT, Circuit Judge:

■ This case requires us to determine whether failure to comply with the 60 day notice requirement of the Resource Conservation and Recovery Act of 1976 (RCRA) deprived the district court of subject matter jurisdiction to hear this case. Of the seven circuits that have considered this issue, three have found that notice is a jurisdictional prerequisite and four have held that notice is merely procedural.

■ We hold that proper notice is a precondition of the district court's jurisdiction. Because the Hallstroms failed to notify the Environmental Protection Agency (EPA) and the Oregon Department of Environmental Quality (DEQ) before filing suit, the district court lacked subject matter jurisdiction to hear the case. We remand for dismissal.

## BACKGROUND

The Hallstroms own property near the Tillamook County landfill. They allege that leachate (contaminated liquid) discharged from the landfill caused or contributed to bacterial and chemical pollution of their surface and ground water. In April 1982, they filed suit against the county under 42 U.S.C. § 6972, claiming that the county was violating RCRA, 42 U.S.C. § 6901, *et seq.* Nine months later they notified in writing the EPA and the DEQ of the suit. They also made pendent state law claims for common law nuisance, trespass, and inverse condemnation.

The district court found that leachate from the landfill was polluting the Hallstroms' land in violation of RCRA and the Oregon State–Wide Water Quality Management Plan, which is incorporated by RCRA. The court ordered the county to contain the leachate within two years. The state claims were heard by a jury, which found for the county on all three claims.

## DISCUSSION

42 U.S.C. § 6972(b)(1) provides:

No action may be commenced under ... this section ... prior to sixty days after

the plaintiff has given notice of the violation to—(i) the Administrator [of the EPA]; (ii) the State in which the alleged violation occurs; and (iii) any alleged violator of [any] permit, standard, regulation, condition, requirement, prohibition, or order [pursuant to RCRA] ...

At least eight environmental statutes contain identical or similar notice provisions. *Susquehanna Valley Alliance v. Three Mile Island*, 619 F.2d 231, 242 n. 12 (3d Cir.1980), *cert. denied*, 449 U.S. 1096, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981). Courts have construed these provisions identically despite slight differences in wording. *See, e.g., Garcia v. Cecos Int'l, Inc.*, 761 F.2d 76, 79 (1st Cir.1985); *Natural Resources Defense Council v. Train*, 510 F.2d 692, 699–700 (D.C.Cir.1974).

This notice requirement is designed to balance the value of citizen enforcement of federal environmental policies against the burdens that such enforcement places on the EPA and the federal courts. By notifying the EPA and the state of potential legal action, the citizen plaintiff allows them to avoid litigation by investigating and correcting the alleged violation through nonjudicial means. *Garcia*, 761 F.2d at 81; *National Resources Defense Council*, 510 F.2d at 700.

This court considers for the first time the significance of the § 6972(b)(1) requirement. Two conflicting interpretations divide the circuits that have considered this section.

The "pragmatic approach," adopted by the Second, Third, Eighth, and District of Columbia Circuits, treats the notice requirement in the federal environmental statutes as procedural. *See, e.g., Natural Resources Defense Council v. Callaway*, 524 F.2d 79, 83–84 (2d Cir.1975); *Susquehanna Valley Alliance*, 619 F.2d at 243; *Hempstead County and Nevada County Project v. U.S.E.P.A.*, 700 F.2d 459, 463 (8th Cir.1983); *Natural Resources Defense Council v. Train*, 510 F.2d 692 (D.C.Cir.1974). Failure to satisfy its terms may be cured by the court staying proceedings for 60 days so that the purpose of the notice requirement may be met. Under this approach, so long as 60 days elapse before the district court takes action, formal compliance with the terms of the requirement is not required.

This approach focuses on the role and right of the citizen in enforcing federal environmental policies. *See, e.g., Natural Resources Defense Council*, 510 F.2d at 700 ("[c]itizens can be a useful instrument for detecting violations and bringing them to the attention of the enforcement agencies and courts alike.") Adherents of this view believe that strict application and enforcement of the notice requirement is contrary to Congress' intent in permitting citizen actions. Such a construction would frustrate citizen enforcement of the act, *Pymatuning Water Shed Citizens, etc. v. Eaton*, 644 F.2d 995, 996 (3d Cir.1981), and treat citizens as "troublemakers" rather than "welcome participants in the vindication of environmental interests." *Proffitt v. Commissioners, Township of Bristol*, 754 F.2d 504, 506 (3d Cir.1985)

We adopt Judge Wisdom's better reasoned "jurisdictional prerequisite approach," set forth in *Garcia*, 761 F.2d at 78. *See also Walls v. Waste Resource Corp.*, 761 F.2d 311, 316 (6th Cir.1985); *City of Highland Park v. Train*, 519 F.2d 681 (7th Cir.1975), *cert. denied*, 424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337 (1976). This approach focuses on the plain language of the statute and the policy concerns underlying the notice requirement.

Judge Wisdom wrote, "The plain language of § 6972(b) commands sixty days' notice before commencement of the suit. To accept anything less 'constitutes, in effect, judicial amendment in abrogation of explicit, unconditional statutory language.'" *Garcia*, 761 F.2d at 78. "The notice requirement is not a technical wrinkle or superfluous formality that federal courts may waive at will. ... [I]t is part of the jurisdictional conferral from Congress that cannot be altered by the courts." *Id.* at 79.

Strict application of the notice requirement is supported by an exception within § 6972 which waives the 60 day notice requirement if the alleged violation involves

hazardous waste. 42 U.S.C. § 6972. This provision makes clear that Congress considered the 60–day notice requirement and intended that it apply in all cases, except those involving hazardous waste.

We also agree with the First Circuit that the jurisdictional interpretation of § 6972(b) serves better the underlying policy aims of encouraging non-judicial resolution of environmental conflicts. As it noted, once a suit is filed, positions become hardened, parties incur legal fees, and relations become adversarial so that cooperation and compromise is less likely. *Garcia,* 761 F.2d at 82. The pragmatic approach fails to recognize that "a mere adjustment of the trial date or the filing of a supplemental or amended complaint to cure defective notice cannot restore a sixty-day nonadversarial period to the parties." *Id.*

Section 6972(b) and its legislative history reflect Congress's belief that the citizen-plaintiff working with the state or the EPA can better resolve environmental disputes than can the courts. Congress believed that citizen enforcement through the courts should be secondary to administrative enforcement by the EPA. The notice requirement of § 6972(b) was intended to "trigger administrative action to get the relief that [the citizen] might otherwise seek in the courts." 116 Cong.Rec. 32,927 (1970).

Anything other than a literal interpretation of the 60–day notice requirement of the federal environmental statutes would effectively render those provisions worthless. For instance, if a citizen-plaintiff could file a suit under RCRA without following the notice requirements and avoid a motion to dismiss simply by arguing that the EPA or other relevant authority had more than 60 days to act prior to the commencement of trial or discovery proceedings, then, under the realities of modern-day litigation, no one would ever comply with this requirement. We will not attribute to Congress an intent to enact a provision after hours of debate that could be evaded by every potential plaintiff, thus rendering it meaningless.

Non-judicial resolution of such conflicts is more likely if parties consider their interests and positions in a nonadversarial setting before suit is filed. Litigation should be a last resort only after other efforts have failed. *See* comments of Senators Muskie and Hart, 116 Cong.Rec. at 33,103–33,104 (1970). We believe that the "jurisdictional prerequisite" approach is more consistent with this design than the pragmatic approach.

The Hallstroms' failure to notify the EPA and DEQ 60 days before filing suit against the county barred the district court's subject matter jurisdiction over the RCRA claim. Because the court lacked federal jurisdiction at the time the suit was filed, it lacked pendent jurisdiction also. The federal court's power to exercise pendent jurisdiction derives from its federal jurisdiction. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Hunter v. United Van Lines,* 746 F.2d 635, 649 (9th Cir.1984), *cert. denied,* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985).

Without federal jurisdiction, a federal court has no power to hear state claims. *Hunter,* 746 F.2d at 649: "The federal court acquires its power over the [pendent] claim ... only if the court has previously properly been seized of jurisdiction. The federal court's jurisdiction over the state-law claim is entirely derivative of its jurisdiction over the federal claim." (citations omitted).

Because the jurisdiction issue is dispositive, we do not reach the other issues. The case is remanded to dismiss and vacate the court's opinion. We reverse the award of fees to the county.

PREGERSON, Circuit Judge, dissenting:

The majority holds that the 60–day notice requirement of 42 U.S.C. § 6972(b) is jurisdictional. It therefore holds that the district court lacked jurisdiction over this action, even though the EPA and the Oregon Department of Environmental Quality received written notice of the action more than *two years* before trial began. By requiring dismissal, the majority exalts form over substance. I therefore dissent.

The Hallstroms filed their complaint on April 9, 1982. They gave written notice to the EPA and the Oregon Department of Environmental Quality (DEQ) on March 2, 1983. The EPA had actual notice in December 1982; the DEQ in January 1983. The trial began on July 22, 1985.

Section 6972 of the Resource Conservation Recovery Act (RCRA), 42 U.S.C. § 6972 allows for citizen enforcement of certain statutory provisions. Section 6972(b)(1) provides that "[n]o action may be commenced under ... this section ... prior to 60 days after the plaintiff has given notice of the violation to—(1) the Administrator; (ii) the State in which the alleged violation occurs; and (iii) to any alleged violator...." We must decide whether this requirement acts to deprive a district court of jurisdiction over an action *filed* in the court before 60 days have elapsed.

The majority of the circuits that have addressed this issue have held that the 60–day notice requirement is procedural, not jurisdictional. *See, e.g., Hempstead County & Nevada County Project v. EPA*, 700 F.2d 459, 463 (8th Cir.1983); *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor*, 619 F.2d 231, 243 (3d Cir.1980) (construing an identical provision of the Federal Water Pollution Control Act), *cert. denied*, 449 U.S. 1096, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981); *Natural Resources Defense Council v. Callaway*, 524 F.2d 79, 83–84 (2d Cir.1975) (construing the Federal Water Pollution Control Act); *Natural Resources Defense Council v. Train*, 510 F.2d 692, 699–700 (D.C.Cir.1974) (construing amendments to the Clean Air Act). I agree.

One of the purposes of the 60–day notice requirement is to allow the EPA to enforce the statute. The majority, while recognizing this purpose, contends that "the jurisdictional interpretation of § 6972(b) serves better the underlying policy aims of encouraging non-judicial resolution of environmental conflicts." At 601. This case illustrates the weakness of that view. At oral argument, counsel for the Hallstroms stated that the EPA was well aware of the conflict between the Hallstroms and Tillamook County. In fact, EPA personnel had called him at various stages of the district court action to ask how it was proceeding. At no time did the EPA indicate any interest in enforcing the statute; it was content to let the Hallstroms proceed with their citizens' suit.

I would interpret the statute to require that 60 days elapse before the district court may act. This approach furthers the goal of agency enforcement: it allows the agency to consider the alleged violation for 60 days. If the agency has taken no action after 60 days, the district court may proceed. It would be "excessively formalistic" to require the district court to dismiss the action and the parties to refile. *Susquehanna Valley Alliance*, 619 F.2d at 243.