CITY OF BIDDEFORD, Plaintiff[1]

v.

MAINE ENERGY RECOVERY
COMPANY, LP, Defendant

No. 03–279–P–S.

United States District Court,
D. Maine.

May 20, 2004.

Jeffrey A. Meyers, Nelson, Kinder, Mosseau & Saturley, P.C., Manchester, NH, for Inhabitants of the City of Biddeford, Plaintiff.

David E. Barry, Pierce, Atwood, Portland, ME, for Maine Energy Recovery Company, Defendant.

## *MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT*

David M. COHEN, United States Magistrate Judge.

The plaintiff, City of Biddeford ("Biddeford"), moves for leave to amend its first

dated May 19, 2004, and the granting of Patriot's Motion to Amend.

1. I adopt the practice of the Supreme Judicial Court of Maine to disregard the traditional designation used in the complaint and other

pleadings to denote the plaintiff by dropping the words "the inhabitants of." *See Bureau of Taxation v. Town of Washburn*, 490 A.2d 1182, 1185 (Me.1985).

amended complaint to add new factual allegations, but no new counts. The defendant opposes the motion, contending that the proposed amendments would be futile. I grant the motion.

## I. Applicable Legal Standard

Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." This directive is tempered by the principle that leave to make proposed amendments that would be futile may be denied. *Glassman v. Computervision Corp.,* 90 F.3d 617, 622 (1st Cir.1996). " 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* at 623. In reviewing for futility, the court applies the same standards that are applied to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Id.* "In ruling on a motion to dismiss [under Rule 12(b)(6) ], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir.2001). The defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.,* 240 F.3d 83, 87 (1st Cir.2001); *see also Wall v. Dion,* 257 F.Supp.2d 316, 318 (D.Me.2003).

## II. Discussion

Biddeford seeks to add two new paragraphs, delete one paragraph and amend the language in five other paragraphs of its first amended complaint. Motion for Leave to File Second Amended Complaint ("Motion") (Docket No. 16) at 2. It contends that these changes will "clarify" its claims and "constitute only newly alleged consequences of previously alleged facts." *Id.* at 2–3. The defendant responds that the proposed changes would "assert a new claim" against it under the Clean Air Act, 42 U.S.C. § 7401 *et seq.,* the basis for the action; that Biddeford failed to provide notice of this claim as required by 42 U.S.C. § 7604(b); and that this court therefore lacks jurisdiction over the new claim. Defendant's Objection to Plaintiff's Motion for Leave to File Second Amended Complaint, etc. ("Opposition") (Docket No. 17) at 1, 5–9.

The statute at issue provides, in relevant part:

No action may be commenced—

(1) under subsection (a)(1) of this section—

(A) prior to 60 days after the plaintiff has given notice of the violation (i) to the Administrator, (ii) to the State in which the violation occurs, and (iii) to any alleged violator of the standard, limitation, or order . . . .

42 U.S.C. § 7604(b)(1)(A). The regulation implementing this statutory requirement provides, again in relevant part:

Notices to the Administrator, States, and alleged violators regarding violation of an emission standard or limitation or an order issued with respect to an emission standard or limitation, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order which has allegedly been violated, the activity alleged to be in violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name and address of the person giving the notice.

40 C.F.R. § 54.3(b). The parties agree, Opposition at 2, Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion for Leave to File Second Amended Complaint, etc. ("Reply") (Docket No. 20) at 1 n. 2,

that the only notice given to the defendant by Biddeford, more than 60 days before the instant motion was filed, is a letter dated October 2, 2003 from Jeffrey A. Meyers to the acting administrator of the Environmental Protection Agency and the defendant's general manager, among others ("Notice Letter"), a copy of which is Exhibit A to the Affidavit of Kenneth W. Robbins (Docket No. 18).

Specifically, the defendant contends that the notice letter "failed to provide Maine Energy with any notice whatsoever of Plaintiff's intent to claim that the installation of the odor control scrubber system constituted a 'major modification' under Section 5 of Chapter 140 of the Maine DEP air rules and that Maine Energy violated the C[lean] A[ir] A[ct] by failing to satisfy the L[owest] A[chievable] E[mission] R[ate] standard for V[olatile] O[rganic] C[ompound] emissions and to obtain required emission offsets." Opposition at 9. It cites only new paragraphs 35 and 175 of the proposed second amended complaint and sections (C) and (I) of the prayer for relief as containing the matters of which it contends notice was not provided. *Id.* In the absence of any specific challenge to the proposed amendments to paragraphs 85, 123, 124, 167 and 173 and the proposed deletion of paragraph 166 of the first amended complaint, Motion at 2, the motion for leave to amend is granted as to those changes.

The defendant relies on case law which it asserts requires strict compliance with 42 U.S.C. § 7604(b)(1) and 40 C.F.R. § 54.3(b) both in timing and in content. The cited Supreme Court and First Circuit cases, however, hold only that strict compliance with the 60–day statutory notice period is required. *Hallstrom v. Tillamook County*, 493 U.S. 20, 26, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989); *Garcia v. Cecos Int'l, Inc.*, 761 F.2d 76, 80 (1st Cir.

1985). *See also Maine Audubon Soc. v. Purslow*, 672 F.Supp. 528, 530–31 (D.Me. 1987) (declining to waive 60–day notice period in action under Endangered Species Act). The statute provides only that "[n]otice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation," 42 U.S.C. § 7604(b), and the defendant has not cited any authority to support its assertion that the First Circuit requires strict compliance with 40 C.F.R. § 54.3(b) as well. *See also Atlantic States Legal Found., Inc. v. Stroh Die Casting Co.*, 116 F.3d 814, 819 (7th Cir.1997).

█ On that issue, the regulation requires, significantly, that the notice provide sufficient information to permit the alleged violator to identify the standard allegedly violated, the activity that caused the alleged violation, the location of the alleged violation and the person responsible for the violation, not that the notice itself specifically identify each of these items. 40 C.F.R. § 54.3(b). I find persuasive the reasoning of those courts that have held that the regulation does not require a notice to "list every specific aspect or detail of every alleged violation . . . [or] describe every ramification of a violation." *Public Interest Research Group of New Jersey, Inc. v. Hercules, Inc.*, 50 F.3d 1239, 1248 (3d Cir.1995). *Accord, Sierra Club v. Tri–State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 283 (D.Colo.1997); *Fried v. Sungard Recovery Servs., Inc.*, 900 F.Supp. 758, 765 (E.D.Pa. 1995).

█ In the case at hand, Biddeford characterizes its proposed new paragraph 35 as defining the term "major modification" under Maine law "to clarify that the installation of the odor control system by Defendant in 2001 constituted a major modification and, therefore, was subject to the most stringent level of control of regu-

lated emissions in Maine." Motion at 2. It characterizes its proposed new paragraph 175 as alleging "that installation of the odor control system in 2001 constituted a 'major modification' to Defendant's facility, for which Defendant was required to obtain emission offsets and apply LAER to the VOC emissions from the tipping and processing operations." *Id.* It describes its proposed amendments to its second prayer for relief as "clarification ... to seek a declaration by the Court that the installation of the odor control system in 1991 constituted a major modification for which Maine Energy was required to obtain emission offsets and apply LAER." *Id.* These characterizations are accurate, as far as they go. The defendant's objection appears to be based on an unstated assumption that an allegation of violation of state law in the context of a claim under the Clean Air Act is *per se* an allegation of violation of that federal statute or its implementing regulations and that the proposed "clarifications" state a new claim under state law that does not fall within the parameters of the notice letter.

Adopting the defendant's assumption for purposes of evaluating the motion for leave to amend, I nonetheless conclude that the proposed additional state-law allegations are reasonably encompassed within the language of the notice letter within the standards set for evaluation of such notices by *Hercules* and the other cases cited above. The notice letter informs the defendant that Biddeford intends to bring suit "as a result of Maine Energy's violation of its Title V air pollution permit limiting its emissions of volatile organic compounds ("VOCs") to no more than 65.7 tons per year, by its failure to completely identify and describe all regulated emissions at its facility, and by its failure to apply reasonably available control technology ("RACT") to the VOC emissions associated with the facility's solid waste tipping

and processing operations." Notice Letter at 1–2. The letter further states that "[d]ata reported to the City in August, 2002 ... suggested that Maine Energy was emitting VOCs in connection with the MSW tipping and processing operations, in amounts significantly exceeding the permitted VOCs ... and that Maine Energy had violated i[t]s Part 70 License by failing to identify and describe all of its air pollutant emissions and by failing to apply RACT to its tipping and process VOC emissions," *id.* at 3; that "data obtained from four stack tests undertaken in February, April, May and August, 2003 reveals that VOC emissions by the scrubbers average from between 69 tons per year to 106 tons per year," *id.;* that "[b]y failing to identify and describe all emissions at its facility ... including, without limitation, VOC emissions generated by its tipping and processing operations, all in the period of 1996 to present, Maine Energy has violated, and continues to violate, Title V[of] the Clean Air Act," *id.* at 4; that the defendant also violated the Clean Air Act by failing to amend its Part 70 License "to identify the scrubber stacks as point sources of air pollution and to identify and describe the VOC emissions generated by the facility's tipping and process operations," and by failing to apply RACT to its scrubber VOC emissions, *id.;* and that such failures violate referenced Maine regulations required by the Clean Air Act, *id.*

The only allegation in the proposed amendments that gives me pause in connection with the defendant's notice argument is the mention of LAER and emission offsets in proposed paragraph 175. The notice letter refers only to RACT and does not mention LAER or emission offsets. The question is a close one, but I conclude that the notice letter did adequately inform the defendant of both the state and the federal standards alleged to

have been violated, with the result that the goal of the Clean Air Act's notice provision—to bring the alleged violator into compliance with federal environmental law—was served. *Fried*, 900 F.Supp. at 765. *See generally Tri–State Generation*, 173 F.R.D. at 283; *Anderson v. Farmland Indus., Inc.*, 45 F.Supp.2d 863, 866 (D.Kan. 1999). The proposed amendments assert that the same alleged failures by the defendant violated the same federal environmental law in another way. If the notice letter caused the defendant to come into compliance with that law, it would not matter how the defendant did so. Biddeford was not required to list in its notice letter "every ramification of a violation." *Hercules*, 50 F.3d at 1248.

## III. Conclusion

For the foregoing reasons, the plaintiffs' motion for leave to amend is **GRANTED**.