Charles WALKER et al.

v.

TDY HOLDINGS, L.L.C. et al.

No. Civ.A. G–99–773.

United States District Court,
S.D. Texas,
Galveston Division.

March 22, 2001.

---

**2.** Perhaps Maersk Broker KS was the agent for Maersk, Inc.

Michael A Pohl, Houston, TX, Timothy A Beeton, Simpson Beeton et al, Galveston, TX, for Charles Walker, Dorothy Walker, Ophelia Franklin, Gwendolyn Blacher, Jimmy Foster, Frannie Foster, Verna Mae Bledsoe Johnson, Bernice Green, Sharon Gauldin, Elijah Smith, Donald Hendricks, Andrea Hendricks, William Bryant, Calvin Padio, Eva Padio, Donald Brightman, Evella Davis, Nat Davis, Eugene Greenwood, Christine Greenwood, Virginia Love, Theo Henderson, Rafael Gujardo, Jr., Santos Flores, Andrew Jackson, Kirk Richardson, Gertude Richardson, John Carrier, George Washington, Dorothy Parnell, Dorothy Hughes, Koza Lauderdale, Jaunita Bell, Anthony Kennison, Ruth Caligone, Juanita Bland, Patricia Glover, Elvira Edmonds, Ruth Washington, Esther Mauck, Phillip White, Trevar Kennison, Ernest Bogan, Jr., plaintiffs.

Larkin C Eakin, Jr, Woodard Hall & Primm, Houston, TX, for Teledyne Wah Chang, Teledyne Industries, Inc., TDY Holdings LLC, TDY Industries, Inc., defendants.

Eric G Hostetler, U.S. Department of Justice, Environmental Defense Section, Washington, DC, for The U.S. Department of Commerce, U.S. General Services Administration, United States Department of the Treasury, third-party defendants.

## ORDER GRANTING FEDERAL THIRD PARTY DEFENDANTS' MOTION TO DISMISS THIRD PARTY COMPLAINT

KENT, District Judge.

This is a citizen suit brought under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a). Defendants have filed a third party complaint against various federal agencies ("Federal Third Party Defendants"). Now before the Court is the Federal Third Party Defendants' Motion to Dismiss Third Party Complaint. For the reasons stated below, the Federal Third Party Defendants' Motion is **GRANTED**.

### I. BACKGROUND

Plaintiffs are residents of the city of LaMarque, Texas alleging that arsenic emitted from a nearby former tin smelting facility presents an "imminent and substantial endangerment to health and/or the environment." Smelting operations allegedly occurred in Plaintiffs' residential neighborhood intermittently between 1941 and 1991. The former tin smelter and the residential neighborhood are part of the Tex Tin Superfund Site. Plaintiffs seek injunctive relief against Defendants, as the alleged successors to the Wah Chang Cor-

poration, which owned and operated the smelting facility between 1957 and 1968. They seek to prevent Defendants from further contaminating the area and to require Defendants to participate in testing and cleanup activities.

On August 31, 2000, Defendants filed a third party complaint against three federal agencies: the United States General Services Administration, the United States Department of Commerce, and the United States Department of the Treasury (collectively "Federal Third Party Defendants"). Defendants allege that the Federal Third Party Defendants are successors to government corporations which owned or were otherwise responsible for the tin smelter between 1941 and 1957. Defendants seek an injunction requiring these agencies to participate as well in testing and cleanup activities to the extent that they are required to do so by the Court.

The Federal Third Party Defendants argue that they were not served by either Plaintiffs or Defendants, prior to the filing of the third party complaint, with a notice of intent to sue, as required by RCRA, 42 U.S.C. § 6972(b)(2)(A). Thus, the Federal Third Party Defendants request the Court dismiss the third party complaint against them.

## II. ANALYSIS

■ 42 U.S.C. § 6972(b)(2)(A) provides in relevant part: "No action may be commenced under subsection (a)(1)(B) of this section prior to ninety days after the plaintiff has given notice of the endangerment to ... (iii) any person alleged to have contributed or to be contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in subsection (a)(1)(B) of this section." The United States Supreme Court has held that pre-suit notice is a "mandatory condi-

tion[ ] precedent to commencing suit under the RCRA citizen suit provision." *Hallstrom v. Tillamook County*, 493 U.S. 20, 31, 110 S.Ct. 304, 311, 107 L.Ed.2d 237 (1989); *see also Sierra Club·v. Yeutter*, 926 F.2d 429, 435 (5th Cir.1991). Moreover, stay of the judicial action by the Court cannot cure a failure to provide pre-suit notice. *Hallstrom*, 493 U.S. at 27, 110 S.Ct. at 309. The Federal Third Party Defendants claim that they were given no notice of intent to sue prior to the filing of the third party complaint against them.

■ The Defendants argue that the pre-suit notice requirement is not applicable to third party actions. In the alternative, Defendants argue that a consent decree signed by Federal Third Party Defendants satisfies the notice requirement. These arguments fail.

Although there is no case law within the Fifth Circuit on point, at least one Court outside this circuit has held that the notice requirement applies to third party actions. *See Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, 1994 WL 483463, *3 (E.D.Pa. Sept.7, 1994). The language of the statute supports such a reading. Although the statute speaks in terms of an action being "commenced" and a "plaintiff" giving notice, this language could fairly be read to apply to a third party plaintiff commencing a third party action. *See* Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the Court."). There is no discernable reason why the notice requirement should not apply to third party complaints as well as original actions. Furthermore, if Congress desired to limit the notice requirement to original actions, it could have expressed such in unmistakable terms. The Court will not read a limitation into the statute without a firm basis for doing so. *See Hallstrom*, 493 U.S. at 27, 110 S.Ct. at 309 (stating that the Court is "not at liber-

ty to create an exception where Congress has declined to do so").

■ Defendants argue in the alternative that a consent decree entered in another case satisfies the notice requirement. They point out that the Federal Third Party Defendants were signatories to a consent decree, entered in a separate action in this Court, that acknowledged the existence of this action. *See United States v. Alpha Metals, Inc.*, Civil Action No. G–00–250 (S.D.Tex. Aug. 4, 2000). The Consent Decree, however, does not specifically acknowledge the existence of this action, but rather the right of the Settling Defendants to bring such an action against the United States. Even if it did acknowledge this action, Congress did not intend for notice to be in this form. Service of notice is supposed to take place "by registered mail, return receipt requested, addressed to, or by personal service upon, the head of the agency." 40 C.F.R. § 254.2(a)(3); *see also Hallstrom*, 493 U.S. at 26, 110 S.Ct. at 309 (holding that the notice requirement is not to be given "flexible or pragmatic construction"). For the same reason, an e-mail correspondence among lawyers, a copy of which was attached to Defendants' Motion but not discussed in the body of the Motion, cannot satisfy the notice requirement. Thus, Defendants have failed to meet the formal notice requirement under the statute and their third party complaint must be dismissed. *See Hallstrom*, 493 U.S. at 32, 110 S.Ct. at 312 (holding that a RCRA citizen suit should be dismissed without prejudice for failure to provide pre-suit notice).

## III. CONCLUSION

For the reasons stated above, Federal Third Party Defendants' Motion is **GRANTED.** Defendants claims against the Federal Third Party Defendant are hereby **DISMISSED WITHOUT PREJU-**

DICE. The parties are to bear their own costs in the matter incurred herein to date.

**IT IS SO ORDERED.**