**TWO RIVERS TERMINAL,
L.P., Plaintiff,**

v.

**CHEVRON USA, INC., Defendant.**

**No. Civ.A. 1:CV–97–1595.**

United States District Court,
M.D. Pennsylvania.

March 27, 2000.

Kenneth L. Joel, Rhoads & Sinon, Harrisburg, PA, Charles E. Gutshall, Rhoads & Sinon, Harrisburg, PA, for Two Rivers Terminal, L.P., plaintiff.

John M. Armstrong, Schnader, Harrison, Gordon A. Einhorn, Schnader, Harrison, Segal & Lewis, Harrisburg, PA, Gordon A. Einhorn, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, John M. Armstrong, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, John M. Armstrong, Schnader, Harrison, Segal & Lewis, Cherry Hill, NJ, Theodore F. Haussman, Jr., Schnader, Harrison, Segal & Lewis, LLP, Philadelphia, PA, for Chevron USA, Inc., defendant.

*MEMORANDUM*

CALDWELL, District Judge.

I. *Introduction.*

In counts II, III, and VI of the complaint, the plaintiff, Two Rivers Terminal, L.P., has set forth claims under federal and state environmental statutes. The suit arises from petroleum contamination at a gasoline and fuel oil terminal formerly owned and operated by the defendant, Chevron U.S.A., Inc. (CUSA), and now owned by the plaintiff.

Count II sets forth a claim under the Pennsylvania Storage Tank and Spill Prevention Act (the Tank Act), 35 P.S. §§ 6021.101–6021.2104 (Purdon & Purdon Supp.1999–2000); count III under the Pennsylvania Hazardous Sites Cleanup Act (PaHSCA), 35 P.S. § 6020.101–6020.1305 (Purdon & Purdon Supp.1999–2000); and count VI under the Resource Conservation and Recovery Act of 1996 (RCRA), Pub.L. No. 94–580, 90 Stat. 2795 (codified in scattered sections of 42 U.S.C.).

Defendant, Chevron U.S.A., Inc. (CUSA), has moved to dismiss these counts for lack of jurisdiction by arguing that the plaintiff failed to give the notice required by the statutes before suit was filed. We consider the motion as more properly treated as one for summary judgment. We will examine the motion under the well-established standard. *See Showalter v. University of Pittsburgh Medical Center,* 190 F.3d 231, 234 (3d Cir.1999).

II. *Background.*

Each of the statutes contains a notice provision. The Tank Act sets forth the following provision for the plaintiff's claim under 35 P.S. § 6021.1305(c): "[n]o action pursuant to subsection (c) may be commenced prior to 60 days after the plaintiff has given notice, in writing, of the violation to the department and to any alleged violator." *Id.* at § 1305(d). PaHSCA sets forth the following provision for a claim under the citizen-suit provision of section 6020.1115(a): "No action may be commenced under this section prior to 60 days after the plaintiff has given notice to the department, to the host municipality and to the alleged violator of this act ..." *Id.* § 6020.1115(b). RCRA sets forth the following notice provision for a citizen-suit under 42 U.S.C. § 6972(a)(1)(B): "[n]o action may be commenced under subsection (a)(1)(B) of this section prior to ninety days after the plaintiff has given notice of the endangerment" to the Environmental Protection Agency (EPA), the state in which the alleged endangerment may oc-

cur and the alleged violator. *Id.* at § 6972(b)(2)(A).

In addition to the statute, an administrative regulation provides specific guidance on how notice is to be given for a RCRA citizen suit. In pertinent part, it states:

(a) Notice of intent to file suit under subsection 7002(a)(1) of the Act shall be served upon an alleged violator of any permit, standard, regulation, condition, requirement, or order which has become effective under this Act in the following manner:

(1) If the alleged violator is a private individual or corporation, service of notice shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the owner or site manager of the building, plant, installation, or facility alleged to be in violation.... If the alleged violator is a corporation, a copy of the notice shall also be mailed to the registered agent, if any, of that corporation in the State in which such violation is alleged to have occurred.

40 C.F.R. § 254.2(a).

CUSA is a subsidiary of Chevron Corporation (Chevron) but has always been, and remains, a separate and distinct corporation. Both corporations have an address on Market Street in San Francisco, California.

Mindful of the notice provisions of the statutes, Two Rivers mailed notices on several occasions. On December 3, 1991, the plaintiff sent Chevron's legal department a certified letter, notifying Chevron of the environmental contamination and invoking RCRA and the Tank Act. On July 29, 1992, Two Rivers sent a certified letter to the EPA and the Pennsylvania Department of Environmental Resources (PaDER) (now the Pennsylvania Department of Environmental Protection (PaDEP)), notifying these governmental agencies of the contamination. The next day, July 30, 1992, the plaintiff mailed Chevron's chief executive officer a certified letter formally demanding a cleanup of the site. Almost two years later, on July 8, 1994, the plaintiff mailed Chevron's chief executive officer another certified letter, again formally demanding a cleanup of the site. On the same day, it sent a certified letter to the EPA and PaDER, again notifying these governmental agencies of the contamination.

These notices gave rise to correspondence from Chevron concerning the site. After the December 1991 notice, Chevron's managing environmental counsel wrote a letter on April 7, 1992, informing Two Rivers that Chevron's policy was not to settle environmental claims like Two Rivers'.

After the July 1992 notices, a lawyer for Chevron wrote an August 1992 letter to the agencies, responding to the charges and noting that Chevron had sold the property to a third party, Cumberland Farms (which had sold it in turn to Two Rivers). Also, a lawyer for CUSA (but referring to it as "Chevron") proposed in a June 1993 letter that CUSA, Two Rivers and Cumberland Farms prepare a remedial action plan and then negotiate about funding it. Then, in March 1994, PaDER responded to an earlier letter in March 1994 from Chevron's lawyer concerning Chevron's proposed cleanup activities at the site.

After the July 1994 notices, Two Rivers' lawyer and Chevron's lawyer traded a series of letters in July 1994 concerning what cleanup activity each company would undertake at the site. Additionally, Chevron's lawyer again wrote to the agencies, responding to the charges and updating Chevron's attempts to resolve the matter. In 1995, there was an exchange of letters between Two Rivers' lawyer and Chevron's lawyer concerning remediation and attempting to resolve the dispute.

This lawsuit was filed on October 20, 1997.

### III. *Discussion.*

CUSA argues that the citizen-suit notices Two Rivers intended as the notices

for CUSA are deficient as to all the claims because the notices were addressed to Chevron Corporation alone. No notice was ever sent to defendant CUSA, Chevron U.S.A. Inc., Chevron Corporation's independent subsidiary. CUSA maintains that under *Hallstrom v. Tillamook County,* 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), the notice provisions are jurisdictional and must be strictly complied with. Moreover, *Hallstrom* applies not only to the federal claim under RCRA but also to the state claims under the Tank Act and the PaHSCA. Hence, in the absence of a notice to CUSA, all three claims must be dismissed because of Two Rivers' failure to comply strictly with the notice requirements.

■ We disagree with the defendant that *Hallstrom* decided that a citizen-suit notice provision was jurisdictional. As the plaintiff points out, the Supreme Court specifically declined to rule that the provision at issue there, the RCRA notice provision, was jurisdictional, deciding instead that under the literal terms of the section it was more accurately described as a condition precedent to bringing suit, one that had to be strictly complied with. *Hallstrom,* 493 U.S. at 31, 110 S.Ct. at 311, 107 L.Ed.2d at 249 ("In light of our literal interpretation of the statutory requirement, we need not determine whether § 6972(b) is jurisdictional in the strict sense of the term.").

■ Our conclusion that *Hallstrom* did not confer jurisdictional significance on the statutory language, makes it easy to also reject the defendant's other contention, that *Hallstrom* controls the interpretation of the state notice provisions. Because federal courts do not have the power to authoritatively construe state legislation, *see United States v. Thirty–Seven Photographs,* 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971); *Virginia Society For Human Life, Inc. v. Caldwell,* 152 F.3d 268, 270 (4th Cir.1998), state courts are not bound in the interpretation of their own statutes by federal construction of similar federal statutes.

Indeed, even if *Hallstrom* had interpreted section 6972(a) in a jurisdictional sense, the state courts would nonetheless be free to interpret their own notice provisions. We do not accept CUSA's non sequitur that "the notice and delay requirement could [not] be a jurisdictional prerequisite for one environmental statute but not another." (Supporting brief at p. 11) (brackets added). *See ASARCO Inc. v. Kadish,* 490 U.S. 605, 617, 109 S.Ct. 2037, 2046, 104 L.Ed.2d 696, 715 (1989) (state courts could entertain a case even if a federal court would not do so under federal rules of standing that would eliminate federal-court jurisdiction).

Thus, as the plaintiff has done, we will examine the adequacy of the notice under each statute and the state or federal cases interpreting each notice provision.

### A. *The PaHSCA Claim.*

■ In opposing CUSA's notice argument, Two Rivers asserts that CUSA misconstrues its PaHSCA claim. It is not seeking redress under 35 P.S. § 6020.1115, which requires notice before suing for personal injury or property damage. Instead, it is suing under 35 P.S. §§ 6020.702 and 6020.1101 to recover Two Rivers' past and future response costs. The latter provisions have no notice requirement and hence such a requirement cannot be used to bar those claims. In support, the plaintiff cites, among other cases, *M & M Realty Co. v. Eberton Terminal Corp.,* 977 F.Supp. 683, 688–89 (M.D.Pa.1997) (Caldwell, J.); *Keystone Coke Company v. Pasquale,* 1999 WL 126917 at *3 (E.D.Pa. 1999) (citing *M & M Realty Co.*); and *Keystone Chemical Co. v. Mayer Pollock Steel Corp.,* 1993 WL 101291 (E.D.Pa. 1993), in which the courts, including the undersigned, ruled that the notice provision of section 1115 does not apply to claims for response costs. Two Rivers concedes that it cited section 6020.1115 in its complaint, along with sections 6020.702 and 6020.1101, but it maintains it did so merely for the sake of completeness.

In reply, CUSA clarifies that it is seeking dismissal only of that portion of count III seeking relief under section 6020.1115.

Thus, there is no dispute for the court to resolve here. CUSA is not attacking the PaHSCA claim based on sections 6020.702 and 6020.1101, which can proceed, in any event, because no notice is required before suing under these sections. *See M & M Realty Co., supra.* However, we will dismiss the PaHSCA claim based on section 1115 since the plaintiff now denies seeking relief under that section.

## B. *The Tank Act Claim.*

As noted, CUSA has argued that *Hallstrom* applies here and requires dismissal of the Tank Act claim because CUSA, as opposed to Chevron, received no notice of the purported Tank Act violation, as required by 35 P.S. § 6021.1305(d). As also noted, however, since this is a state-law claim, we will look to state law to decide the adequacy of the notice.

In opposing CUSA's motion, Two Rivers provides four reasons why the Tank Act claim should proceed. First, notice is not required before filing suit on a Tank Act claim when at least one party has already started a cleanup. As reasoned by the Pennsylvania Superior Court:

> The purpose of this notice requirement is to bring about a prompt cleanup. By requiring notification it is hoped that a cleanup program will begin before a private action is commenced in an effort to force such cleanup. However, in a case such as this, where the cleanup is being done by another, the property owner, no purpose is served by requiring notice.

*Smith v. Weaver,* 445 Pa.Super. 461, 477, 665 A.2d 1215, 1223 (1995). The plaintiff points out that, before suit was brought, Two Rivers had begun work on the site and CUSA had performed some analysis at the site. Hence, no notice was required here.

Second, Two Rivers argues that, as the owner of the affected property, it has a legal interest immediately affected by CUSA's violation that excuses the notice requirement. Citing *Graham Oil Company v. BP Oil Company,* 885 F.Supp. 716 (W.D.Pa.1994), it relies on the Tank Act provision requiring no notice when the violation "would immediately affect a legal interest of the plaintiff." 35 P.S. § 6021.1305(e).

Third, again citing *Graham,* the plaintiff contends that notice under the Tank Act does not have to come from the plaintiff; it is sufficient that notice came from CUSA when it filed its closure report listing conditions at the site.

Fourth, in any event, notice was given to CUSA in two ways. The first way was by the notices sent to Chevron. Two Rivers maintains that the same situation arose in *Darbouze v. Chevron Corp.,* 1998 WL 42278 (E.D.Pa.1998), and that the court held there that notice directed to Chevron, and mailed to CUSA's address, was sufficient notice to CUSA under the Tank Act. The second way was by the numerous letters exchanged from 1992 through 1994 by Two Rivers' lawyers and Chevron's lawyers discussing how the parties would undertake remediation.

■ We need not address any of these arguments. The record shows that CUSA did receive notice well in advance of the suit. On June 23, 1993, a lawyer for CUSA wrote Two Rivers' lawyer concerning a meeting held earlier in June by the two lawyers with the PaDEP. The meeting's purpose was for the development of a remedial action plan for the site. In the letter, the lawyer writes the following: "This matter has been reviewed with my client, Chevron U.S.A., Inc., who offers the following response:" (Two Rivers' Supplemental Appendix to CSMF–1, exhibit 8 to exhibit B). Clearly then, by the date of this letter, CUSA had notice, regardless of how it received it, probably by way of Chevron. Unlike RCRA, PaHSCA has no regulation detailing how notice must be given, only that it be given. Since CUSA actually received notice here, and since the Pennsylvania courts as exemplified by *Smith* deal with the notice requirement

pragmatically (indeed, in *Smith,* not even requiring notice), the PaHSCA claim can proceed.

## C. *The RCRA Claim.*

The defendant also asserts that *Hallstrom* requires dismissal of the RCRA claim. In *Hallstrom,* deciding on a literal interpretation, the Supreme Court ruled that RCRA's notice provision had to be strictly complied with, and left no discretion with the district court as to compliance with its requirements. Hence, the Court held in that case that the RCRA suit had to be dismissed when the statutorily required notice to governmental agencies was given after suit was filed, even when the district court stayed the suit for period of time prescribed by the notice provision. Even though the stay seemingly fulfilling the object of the notice requirement, giving agencies time to decide whether to enforce the statute thereby obviating the need for a citizen suit, the Court required dismissal, even after years of litigation and a determination on the merits. It applied the general rule that "if an action is barred by the terms of a statute, it must be dismissed." 493 U.S. at 31, 110 S.Ct. at 311, 107 L.Ed.2d at 249.[1]

█ CUSA argues that a similarly strict approach here requires dismissal of the RCRA claim. The defendant maintains that Two Rivers has not strictly complied with the statute because it never gave formal notice to CUSA of the claim. CUSA also asserts that *Hallstrom* eliminated constructive notice as satisfying the notice requirement. In support of the latter argument, it also cites *Walls v. Waste Resource Corp.,* 761 F.2d 311, 317 (6th Cir.1985); and *Reeger v. Mill Service, Inc.,* 593 F.Supp. 360, 362 (W.D.Pa.1984).

We fail to see how *Hallstrom* controls the RCRA notice issue in this case. In

*Hallstrom,* the plaintiff gave notice to the alleged violator but not to the EPA or the state environmental agency. The plaintiff filed suit a year later. Then the plaintiff gave notice to the agencies, after the defendant's motion for summary judgment raised the issue. The district court ruled that the postfiling notice satisfied the statute by deciding that the agencies would have 60 days to determine if they would intervene, thereby fulfilling the purpose of the notice requirement. As noted above, the Supreme Court disagreed and decided that notice had to come before suit was filed.

In the instant case, on the other hand, notice was given before suit was filed, and the issue presented here, whether notice to CUSA's parent was sufficient notice to CUSA, is different from the one in *Hallstrom.* We have already decided that CUSA did, in fact, receive notice, and before suit was filed, so *Hallstrom* does not apply here.

The defendant also argues that *Hallstrom* bars constructive notice. We are not sure what CUSA means by constructive notice. Its citation to *Walls* indicates that it means knowledge of the environmental violations. *See Walls,* 761 F.2d at 315. However, the plaintiff here is not relying on CUSA's knowledge of the violations but on actual notice given by Two Rivers to Chevron, notice that we have found made its way to CUSA.

In any event, *Hallstrom* did not deal with constructive notice, only with whether a plaintiff had to comply with the clear requirement of the notice provision that notice be given before suit was filed. The plaintiff in *Hallstrom* did not argue that the agencies had notice by way of their knowledge of the environmental conditions at the site.

---

1. Citizen suits brought pursuant to Section 7002(a)(1)(A) of RCRA, to address alleged violations of the statute, are subject to a 60–day delay period. 42 U.S.C. § 6972(b)(1)(A). Citizen suits instituted against a person solely on account of that person's status as one who allegedly is or was involved in the handling,

generation, transportation, treatment, storage or disposal of solid or hazardous waste, which may present an imminent and substantial endangerment, are subject to a 90–day period of delay under Section 7002(b)(2)(A) of RCRA, 42 U.S.C. § 6972(b)(2)(A).

As to *Walls* and *Reeger*, they are distinguishable. In neither of these cases was notice attempted. In *Walls*, the plaintiffs tried to substitute "constructive notice," knowledge of the conditions, for the notice required by the statute. In *Reeger*, the plaintiffs tried to rely on "oral complaints" to the agencies without attempting to justify lack of notice to the private party being sued. Conversely, the plaintiff here did give written notice under the statute. Although this notice went to Chevron, it did find its way to CUSA, as shown by CUSA's participation in discussions about cleanup.

In reaching our conclusion that notice was sufficient here, we decline to follow *Darbouze v. Chevron Corp.*, 1998 WL 42278 (E.D.Pa.1998). *Darbouze* is similar to the instant case because the plaintiff there, as here, notified Chevron for a CUSA environmental site. In *Darbouze*, the court held that failure to comply with 40 C.F.R. § 254.2(a), the regulation detailing how notice is to be made, required dismissal of the action. In *Darbouze*, the court noted the following violations of the notice regulation: (1) using regular mail to send notice to CUSA's in-house counsel; (2) sending notice to Chevron, although by registered mail at CUSA's principal place of business; and (3) failing to send the notice to CUSA's registered agent in Pennsylvania. The court cited *Hallstrom* as authority for rejecting the notice.

However, *Hallstrom* did not hold that a RCRA plaintiff had to comply with the administrative regulation dealing with notice. Certainly, the regulation provides specific guidance on how to accomplish notice, but the statute only requires notice, not any particular form of notice. As noted, CUSA did receive notice here, so we will not dismiss this suit because the notice did not conform to section 254.2(a). We acknowledge that compliance with section 254.2(a) is preferable and eliminates disputes over notice, but we cannot agree that it is necessary.

We will issue an appropriate order.

ORDER

AND NOW, this 27th day of March, 2000, it is ordered that the defendant's motion to dismiss (doc. 62) counts II, III, and VI of the complaint on the basis of lack of notice, treated as a motion for summary judgment, is denied.