Charles WALKER, et al. Plaintiffs,

v.

TELEDYNE WAH CHANG,
et al. Defendants.

No. CIV.A.G–02–416.

United States District Court,
S.D. Texas,
Galveston Division.

July 11, 2003.

Michael A. Pohl, Attorney at Law, Houston, TX, Timothy A Beeton, Simpson Beeton et al., Galveston, TX, for Plaintiffs.

Larkin C. Eakin, Jr., Winnstead Sechrest et al., Houston, TX, for Defendants.

### ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

KENT, District Judge.

Plaintiffs bring this lawsuit based on the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a), against TDY Holdings L.L.C. and TDY Industries, Inc. ("TDY"). Now before the Court is TDY's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and the timely Response thereto. For the reasons articulated below, TDY's Motion is respectfully DENIED.

## I. BACKGROUND

Plaintiffs, residents of LaMarque, Texas, allege that arsenic emitted from a nearby former tin smelting facility presents an "imminent and substantial endangerment to health and/or the environment." Smelting operations allegedly occurred in Plaintiffs' residential neighborhood intermittently between 1941 and 1991. The former tin smelter and the residential neighborhood are part of the Tex Tin Superfund Site. Plaintiffs seek injunctive relief against TDY, as the alleged successors to the Wah Chang Corporation, which owned and operated the smelting facility between 1957 and 1968, requiring TDY to participate in testing and cleanup activities.

On August 16, 2002, TDY filed a third party complaint against three federal agencies: the United States General Services Administration, the United States Department of Commerce, and the United States Department of the Treasury (collectively, "US Defendants"). TDY alleges that the U.S. Defendants are successors to government corporations that owned or were otherwise responsible for the tin smelter between 1941 and 1957. On that basis, TDY seeks an injunction requiring the U.S. Defendants to participate in any testing and cleanup activities to the extent that TDY is ordered to do so by the Court.

Plaintiffs filed an identical lawsuit in 1999, case number G–99–733. On March 22, 2001, the Court dismissed that lawsuit because Plaintiffs and TDY failed to give the U.S. Defendants pre-suit notice of

their intent to sue, as required by the RCRA, 42 U.S.C. § 6972(b)(2)(A). *See Walker v. TDY Holdings, L.L.C.,* 135 F.Supp.2d 787, 790 (S.D.Tex.2001).

## II. ANALYSIS

 District courts are powerless to exercise jurisdiction in excess of the limited jurisdiction statutorily conferred upon them by Congress. *See Margin v. Sea-Land Servs., Inc.,* 812 F.2d 973, 976 (5th Cir.1987). A case is properly dismissed for lack of subject matter jurisdiction when a court lacks the statutory or constitutional power to adjudicate the case. *See Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir.1984). Subject matter jurisdiction cannot be waived and can be raised *sua sponte. See* Fed.R.Civ.P. 12(h)(3); *see also Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996).

 TDY argues that the Court should dismiss this lawsuit because Plaintiffs did not comply with the pre-suit notice requirements of 40 C.F.R. § 254.2(a)(1), which provides:

> service of notice shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the owner or site manager of the building, plant, installation, or facility alleged to be in violation. A copy of the notice shall be mailed to the Administrator of the Environmental Protection Agency, the *Regional Administrator of the Environmental Protection Agency* for the region in which the violation is alleged to have occurred, and the chief administrative officer of the solid waste management agency for the State in which the violation is alleged to have occurred. If the alleged violator is a corporation, a copy of the notice shall also be mailed to the registered agent, if any, of that corporation in

the State in which such violation is alleged to have occurred.

(emphasis added). Plaintiffs served the former owners (TDY) of the site, the Administrator of the EPA, the General Counsel and Executive Director of the Texas Natural Resources and Conservation Commission, and the Attorney General of Texas. TDY asserts that since Plaintiffs did not serve the Regional Administrator of the EPA, they failed to comply with the allegedly jurisdictional pre-suit notice requirements of 40 C.F.R. § 254.2. The relevant section of the RCRA under which Plaintiffs bring this action, 42 U.S.C. § 6972(b)(2)(A), provides: "No action may be commenced under subsection (a)(1)(B) of this section prior to ninety days after the plaintiff has given notice of the endangerment to(i) the Administrator; (ii) the State in which the alleged endangerment may occur; (iii) any person alleged to have contributed or to be contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in subsection (a)(1)(B) of this section . . . ." Though refusing to determine whether pre-suit notice is jurisdictional, the United States Supreme Court has held that giving pre-suit notice is a "mandatory condition[ ] precedent to commencing suit under the RCRA citizen suit provision; a district court may not disregard these requirements at its discretion." *Hallstrom v. Tillamook County,* 493 U.S. 20, 31, 110 S.Ct. 304, 311, 107 L.Ed.2d 237 (1989). Moreover, the Court cannot stay a lawsuit to cure the parties' failure to give proper presuit notice. *Hallstrom,* 493 U.S. at 26, 110 S.Ct. at 309.

 In *Hallstrom,* the Supreme Court held that plaintiffs must comply with the RCRA's notice requirements, in this case, 42 U.S.C. § 6972(b)(2)(A). *See* 493 U.S. at 31, 110 S.Ct. at 311. Plaintiffs did comply

with the RCRA notice requirements by giving pre-suit notice to the EPA Administrator, Texas, and TDY. *See* 42 U.S.C. § 6972(b)(2)(A). However, Plaintiffs failed to give notice to the Regional Administrator of the EPA, which is contrary *only* to the applicable agency regulation. *See* 40 C.F.R. § 254.2(a)(1). Hence, the question presented to the Court is whether *strict compliance* with the applicable agency regulation is a condition precedent to filing suit? After careful consideration, and reviewing the authority throughout the country, the Court finds that Plaintiffs fulfilled the condition precedent even though they did not comply with 40 C.F.R. § 254.2(a)(1).

In *Hallstrom,* the plaintiffs did not comply with the RCRA's pre-suit notice requirement because they failed to serve those explicitly listed under the statute. *See* 493 U.S. at 23–24, 110 S.Ct. at 307. The Supreme Court in *Hallstrom* concluded that " '[i]n the long run, experience teaches that *strict adherence* to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.' " 493 U.S. at 31, 110 S.Ct. at 311 (quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)) (emphasis added). In this case, Plaintiffs strictly adhered to 42 U.S.C. § 6972(b)(2)(A). Although the Court urges all parties to comply with agency regulations, compliance with such is not a prerequisite for federal subject matter jurisdiction. *See Coll. Park Holdings, LLC v. Racetrac Petroleum, Inc.,* 239 F.Supp.2d 1322, 1332 (N.D.Ga. 2002) ("The court acknowledges that compliance with section 254.2(a) is preferable to noncompliance because it eliminates disputes over notice, but the court cannot agree that such regulatory compliance is a prerequisite to subject matter jurisdiction in federal court."); *Two Rivers Terminal, L.P. v. Chevron USA, Inc.,* 96 F.Supp.2d

426, 432 (M.D.Pa.2000) (holding that the court had subject matter jurisdiction over a lawsuit despite the fact that the plaintiff failed to strictly comply with 40 C.F.R. § 254.2); *but see Darbouze v. Chevron Corp.,* NO. Civ. A. 97–CV–8121,1998 WL 42278, at *2–3 (E.D.Pa. Jan. 8, 1998) ("The letter was improperly sent by regular mail to Chevron U.S.A.'s in-house counsel. The letter was sent by registered mail to Chevron U.S.A.'s principal place of business, although improperly addressed to Chevron Corp. Additionally, Darbouze failed to notify Chevron U.S.A.'s registered agent in Pennsylvania. For these reasons, Chevron U.S.A. was improperly notified."). Although the Court ·cannot create its own federal subject matter jurisdiction, in this case, Plaintiffs complied with the explicit language of 42 U.S.C. § 6972(b)(2)(A); hence, emphasizing substance over form, the Court finds that it has subject matter jurisdiction over this dispute despite the fact that Plaintiffs failed to comply with 40 C.F.R. § 254.2.

## III. CONCLUSION

After substantial and careful deliberation, this Court concludes that it has subject matter jurisdiction over this matter for the previously articulated reasons. Thus, TDY's Motion to Dismiss for Lack of Subject Matter Jurisdiction is respectfully **DENIED.** The Parties are to bear their own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**