Carmen Elizabeth Marrero
**HERNANDEZ, et al.,**
**Plaintiffs,**

v.

**ESSO STANDARD OIL CO. (PUERTO RICO), et al., Defendants.**

**Civil No. 03–1485 (GAG).**

United States District Court,
D. Puerto Rico.

July 10, 2008.

---

Jose Hernandez Mayoral, Manuel San Juan, Rafael E. Garcia Rodon, Juan H. Saavedra Castro, San Juan, PR, for Plaintiffs.

John F. Nevares, Xiomara Colon–Rodriguez, San Juan, PR, Lawrence Riff, Jason Levin, Los Angeles, CA, for Defendants.

### OPINION AND ORDER

GUSTAVO A. GELPÍ, District Judge.

Plaintiffs, past and present property owners and residents of La Vega Ward, Barranquitas, Puerto Rico, bring this action against Esso Standard Oil Co. (Puerto Rico) and others alleging violations of state and federal environmental laws. Esso has moved for dismissal of all claims arguing that the court lacks subject matter jurisdiction. For the reasons stated herein, the court **DENIES** Esso's motion to dismiss (Docket Nos. 771, 784).

### I. Factual and Procedural Background

Esso owned and operated a service station in La Vega for over fifty years. The service station closed in 1998. During the station's operation, Esso installed four underground storage tanks ("USTs") to store and dispense gasoline and diesel fuel. The USTs released their contents which contaminated, and continue to contaminate, the groundwater, surface water, subsurface area, and soil in La Vega. The contamination caused, and continues to cause, Plaintiffs personal injury and property damage. Esso removed the USTs in late 1991. It has not, however, contained the release or corrected the contamination caused by the old tanks; the contaminating materials remain in the area.

On July 8, 2002, Plaintiffs, through their attorney, sent notice of their intent to commence a civil action pursuant to the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251–1387, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901–6992k. Plaintiffs sent the letter to Esso's Guaynabo, Puerto Rico office; the letter was not addressed to any Esso individual. Plaintiffs also sent the letter to Exxon Mobil Corporation's Chairman and CEO, the Administrator of the Environmental Protection Agency ("EPA"), the Commonwealth of Puerto Rico, and the Environmental Quality Board ("EQB") of the Commonwealth of Puerto Rico. The

letter alleges CWA and RCRA violations. It states, in pertinent part:

The station was registered in the list of Leading Underground Storage Tanks (LUST). Leaks from these underground storage tanks have been detected since 1990 and the contamination from the contamination from the petroleum products stored in them has affected the Piñon[e]s river and the subsurface area and the soil of adjoining properties and groundwater therein. This contamination, which has caused considerable damages to La Vega Community remains unabated for the petroleum has not been satisfactorily removed as no meaningful remedial action has been undertaken.

This matter has been the subject of numerous orders from the Environmental Quality Board of the Commonwealth of Puerto Rico, the latest—Addendum B—of May 21, 2001. (UST–86–1381).

The La Vega Community intends to file, after 90 days from your receipt of this notice, in the United States District Court for the District of Puerto Rico a citizen suit under 42 USC 6972(a)(1)(A) and/or (B) for enforcement or injunctive relief against Esso Standard Oil de Puerto Rico, Inc. And Exxon Mobil Corporation as violators of regulations, conditions, requirements, prohibitions, or orders, and/or as owners of storage and disposal facilities who have contributed or are contributing to the past or present handling, storage, treatment or disposal of solid or hazardous waste under 42 USC 6972(a)(1)(B) which may present imminent and substantial end[a]ngerment to health or to the environment and/or under violations of orders issued by the Commonwealth of Puerto Rico with respect to effluent standards or limitations under 33 USC 1365(a)(1).

The La Vega Community will also seek damages under supplemental jurisdiction and civil penalties and the award of the costs of litigation, including attorney and expert witness fees under RCRA and CWA.

Esso's and Exxon['s] actions are violation[s] of regulations, conditions, requirements, prohibitions or orders which are enforced in Puerto Rico pursuant to the cooperative agreement entered into by the Commonwealth and the Environmental Protection Agency under 42 USC 6991 b(H)(7)(A). The specific provisions which have been violated of the Underground Storage Tank Regulations are Rules 301(B); 305(A); 501; 503; 504; 602; 603; 604; 605; 702; 703; and 705 and art. 6.1.1 of the Water Quality Standards Regulations. The violations are, amongst other [sic], as follows: failing to report, investigate, or clean up spills from underground gasoline storage tanks; failing to take immediate action to prevent additional spills or to identify and mitigate or mitigate danger of fire explo[s]ions, or toxic vapors; failure to undertake initial characterizations of the affected properties and quality of waters; failure to remove the free product; failure to notify closing or modification of operations and contaminating the waters of Puerto Rico.

The imminent and substantial endangerment to health or to the environment is caused by at least 12 years of contamination by gasoline of the properties and environment of La Vega Community and of the water underground and of the Piñon[a]s river which runs through the community. No clean up of the properties has been undertaken by Esso or Exxon and therefore residents of La Vega Community are continually exposed to the toxic and carcinogenous [sic] components of gasoline such as benzene, toululene, or lead which endanger

their lives and poison their land, waters and the environment. This situation is the result of Esso's and Exxon's negligent actions in the past and present as owner of a storage disposal facility and as such contributing to the past and present handling, storage, treatment or disposal of solid or hazardous waste.

Docket No. 772, Exh. A. Addendum A includes the names of ninety-plus plaintiffs and omits the names of eight plaintiffs. The letter also provides Plaintiffs' counsel's address and telephone number.

Plaintiffs filed their federal complaint on May 2, 2003, nearly one year after sending the notice letter. The complaint asserts claims under the CWA and RCRA. It contains factual allegations also included in the notice letter.

Plaintiffs eventually sought leave to amend their complaint. They proposed sending another statutory notice letter and then submitting an amended complaint. The court instructed Esso to file any objections to Plaintiffs' proposed course of action. Esso did not object.

On November 4, 2004, Plaintiffs' counsel sent another notification letter to Esso and all relevant state and federal entities. This letter renotified its RCRA and CWA claims and notified Esso of Plaintiffs' intent to pursue a Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–9675, claim. On April 13, 2005, Plaintiffs amended their complaint to include a CERCLA claim and to add new parties.

Esso moved for dismissal of the entire action on February 15, 2008. In its motion, Esso alleged that the court lacks subject matter jurisdiction over the federal claims because Plaintiffs failed to provide pre-litigation notice. In response, Plaintiffs directed Esso's and the court's attention to the 2002 notice letter. The court held the motion to dismiss in abeyance pending the resolution of issues related to the notice letter.

Esso eventually moved to reinstate its motion to dismiss. In its reinstated motion, Esso acknowledges that Plaintiffs sent the 2002 letter.[1] Esso contends, however, that Plaintiffs' notice failed comply with the applicable EPA regulations' service and content requirements. Esso argues that the defective notice deprives the court of subject matter jurisdiction. Plaintiffs opposes the motion arguing that Esso's motion is procedurally defective and substantively unsupported.

## II. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure is the proper vehicle for challenging the court's subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1); see also Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362–63 (1st Cir.2001). As courts of limited jurisdiction, the court never presumes jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir.1998). The burden to demonstrate the existence of federal jurisdiction falls upon the party asserting jurisdiction. Id.

In deciding a Rule 12(b)(1) motion to dismiss, the court must construe the complaint liberally, treating well-pleaded fasts as true and indulging reasonable inferences in plaintiff's favor. Aversa v. United States, 99 F.3d 1200, 1209–10 (1st Cir. 1996). The court is not, however, limited to what is set forth in the pleadings. It may accept evidence to determine whether sufficient facts support its jurisdiction. See id. at 1210. The court should not,

---

1. Esso contends that, prior to February 19, 2008, Plaintiffs had not "filed, discussed, or produced in discovery" the 2002 notice letter. Docket No. 784, p. 2.

however, resolve disputes concerning jurisdictional facts intertwined with the merits of plaintiff's claim. *Torres–Negron v. J & N Records, LLC,* 504 F.3d 151, 163 (1st Cir.2007).

## III. Discussion

Subject matter jurisdiction cannot be waived and can be raised at any time by the parties or the court. *See* Fed.R.Civ.P. 12(h)(3); *see also Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP,* 362 F.3d 136, 138–39 (1st Cir.2004) (noting challenge to federal subject matter jurisdiction may be raised for first time on appeal). Nearly five years into this litigation, Esso mounts a factual challenge to Plaintiffs' asserted basis for subject matter jurisdiction. *See Torres–Negron,* 504 F.3d at 162–63 (explaining difference between sufficiency and factual challenge to court's subject matter jurisdiction). Plaintiffs' complaint asserts, "Notice requirements have been satisfied pursuant to [Section 1365(b)(1)(A) of the CWA] and [Sections 6972(b)(1)(A) and (b)(2)(A) of RCRA] and otherwise provided by law." Docket No. 1, ¶ 1. Esso challenges the accuracy of Plaintiffs' assertion. Confronted with this challenge, Plaintiffs bear the burden of providing factual support for jurisdiction. *See Johansen v. United States,* 506 F.3d 65, 68 (1st Cir.2007); *Viqueira,* 140 F.3d at 16. They offer the 2002 notice letter as factual support. Plaintiffs contend that the letter satisfies the CWA's and RCRA's notice requirements.

■■■ Failure to provide sufficient pre-litigation notice generally bars a citizen suit under the CWA or RCRA. *See Hallstrom v. Tillamook County,* 493 U.S. 20, 31, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989). The CWA and RCRA each contain a mandatory pre-litigation notice and delay provision.[2] Both statutes mandate notice to certain entities and a waiting period; neither statute prescribes the notice's contents. *See* 33 U.S.C. § 1365(b)(1)(A) (CWA); 42 U.S.C. § 6972(b)(1)(A) (RCRA). The notice provisions serve the same purposes: (1) to allow the government to take responsibility for enforcing environmental laws thus obviating the need for a citizen suit; and (2) to give the alleged the violator the opportunity to bring itself into compliance with the statutes rendering a citizen suit unnecessary. *Hallstrom,* 493 U.S. at 29, 110 S.Ct. 304; *see also id.* at 32, 110 S.Ct. 304 (stating RCRA's notice provision designed to give agencies and alleged violators nonadversarial period to achieve regulatory compliance); *Water Keeper Alliance,* 271 F.3d at 29 (acknowledging notice provides opportunity for settlement without litigation). The First Circuit requires strict compliance with the statutory notice requirements. *See Garcia,* 761 F.2d at 79–80.

The CWA and RCRA both delegate authority to the EPA to prescribe the manner of notice. 33 U.S.C. § 1365(b)(2) ("Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation."); 42 U.S.C. § 6972(c) (same). The corresponding EPA regulations contain service and content requirements. *See* 40 C.F.R. §§ 135.2–.3 (CWA), 254.2–.3 (RCRA). The

---

2. Congress has enacted several environmental statutes that include similarly worded notice provisions. *See Hallstrom,* 493 U.S. at 23 & n. 1, 110 S.Ct. 304 (listing statutes with notice provision modeled after Clear Air Act, 42 U.S.C. § 7604); *see also Garcia v. Cecos Int'l,* 761 F.2d 76, 81 (1st Cir.1985) (noting widespread occurrence of effectively identical notice provisions in environmental statutes). Courts regularly rely interchangeably upon the case law interpreting the various notice provisions. *See, e.g., Water Keeper Alliance v. U.S. Dep't of Def.,* 271 F.3d 21, 29 (1st Cir. 2001). The court takes the same approach here.

regulations require the citizen to serve the EPA Regional Administrator, the alleged violator's registered agent in the state in which the alleged violation occurred, and others. 40 C.F.R. §§ 135.2(a)(1), 254.2(a)(1). With regard to the notice's contents, the regulations require the notice to state the full name, address, and telephone number of the person giving notice. 40 C.F.R. §§ 135.3(a), 254.3(a). The regulations also mandate that the notice include "sufficient information to permit the recipient to identify" the who, what, when, and where of the alleged violation. 40 C.F.R. §§ 135.3(a), 254.2(a)(1).[3]

The parties agree that Plaintiffs complied with the **statutory** notice requirements. Esso moves for dismissal on the basis that Plaintiffs failed to comply with only **regulatory** notice requirements. Specifically, Esso argues that the following alleged regulatory notice deficiencies deprive this court of subject matter jurisdiction: (1) Plaintiffs failed to serve the notice letter upon Esso's registered agent; (2) Plaintiffs failed to give notice to the Regional EPA Administrator; (3) the contents of Plaintiffs' letter failed to give Esso adequate notice of the claims they intended to bring; (4) the notice letter omits Plaintiffs' addresses and telephone numbers; and (5) the notice letter omits eight plaintiffs' names.

Plaintiffs first urge the court to look to the April 2005 amended complaint to determine subject matter jurisdiction and to deny Esso's motion as procedurally defective. Alternatively, Plaintiffs argue that "having complied with the statutory requirements [prior to filing the original complaint], a breach of the regulatory requirements is not cause for dismissal." Docket No. 793, p. 19. They argue that neither the statutory nor regulatory notice requirements are jurisdictional, and, accordingly, their failure to serve the EPA Regional Administrator and Esso's registered agent does not warrant dismissal. Plaintiffs go on to characterize Esso's content-related challenge as "absurd." *Id.* p. 12. They defend the contents of their notice letter and argue that the letter contained sufficient information to permit Esso to identify the alleged violations. They also contend that the inclusion of counsel's contact information satisfied the regulations' name and address requirements. Finally, Plaintiffs urge the court to retain the claims asserted by the eight plaintiffs not named in the notice letter.[4]

---

3. The CWA regulation provides:

(a) Violation of standard, limitation or order. Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice. 40 C.F.R. § 135.3(a). The RCRA regulation similarly states:

(a) Violation of permit, standard, regulation, condition, requirement, or order. Notice regarding an alleged violation of a permit, standard, regulation, condition, requirement, or order which has become effective under this Act shall include sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation, and the full name, address, and telephone number of the person giving notice.

*Id.* § 254.2(a)(1).

4. Plaintiffs also contend that Esso either admitted Plaintiffs' notice-related facts or waived its jurisdictional defense. The court resolves the substantive issues in Plaintiffs'

## A. Esso's Motion Is Not Procedurally Defective.

■ The court first addresses Plaintiffs' argument that Esso's motion to dismiss is procedurally defective because it is directed at the original complaint rather than the amended complaint. Plaintiffs contend that the amended complaint cured any purported jurisdictional defect in the original complaint. Esso disagrees and argues that a citizen who fails to give proper **pre**-litigation notice cannot save federal jurisdiction by giving **post**-litigation notice and filing an amended complaint. First Circuit precedent indicates that Esso's position is sound.

The First Circuit in *Garcia* refused to allow plaintiffs to send notice after commencing an action and then file a supplemental complaint. The *Garcia* court stated:

> After the complaint is filed the parties assume an adversary relationship that makes cooperation less likely. Because a mere adjustment of the trial date or the filing of a supplemental or amended complaint to cure defective notice cannot restore a sixty-day non-adversarial period to the parties, we would therefore dismiss suits where the complaint is filed less than sixty days after actual notice to the agency and the alleged violators.

*Garcia,* 761 F.2d at 82. It interpreted the relevant environmental statutes to require a nonadversarial notice period during which the alleged violator may achieve compliance. *Id.* Relying upon *Garcia,* the court concludes that Plaintiffs may not cure defective notice by sending notice after filing the original complaint and then waiting the requisite time period to amend the complaint.

Plaintiffs urge the court to follow *In re Methyl Tertiary Butyl Ether Products Liability Litigation,* 510 F.Supp.2d 299, 306 n. 32 (S.D.N.Y.2007) (hereinafter *"In re MTBE "*). Plaintiffs' argument is intriguing but incomplete. It ignores the *Garcia* precedent which controls in this case.

The court notes, however, that Plaintiffs' original complaint complied with the statutory notice and delay requirements. The parties benefitted from the statutorily required nonadversarial notice period. Accordingly, this case does not implicate the primary concern upon which the *Garcia* court focused—the preservation of a nonadversarial notice period.[5] Moreover, it is plausible to interpret *Garcia* as declaring incurable only a failure to comply with the **timing** component of the notice requirements, with which Plaintiffs complied.

The court now proceeds to consider whether Plaintiffs' notice was defective and what consequences flow from defective notice. The court first addresses Plaintiffs' failure to comply with regulatory service requirements then addresses Esso's content-related arguments.

favor. Accordingly, it declines to address these procedural arguments.

5. This fact, combined with the unusual facts of this case, arguably supports Plaintiffs' arguments that its amended complaint was effective, the amended complaint potentially cured any jurisdictional defect in the original complaint, and that the court should direct its jurisdictional inquiry to the amended complaint. Case law suggests that, in certain circumstances, a court may constitutionally exercise jurisdiction over a case even though it does not secure solid jurisdictional footing at the case's inception. *See, e.g., Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 73, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 837, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); *Connectu LLC v. Zuckerberg,* 522 F.3d 82, 95 (1st Cir.2008); *Balgowan v. New Jersey,* 115 F.3d 214, 216–17 (3d Cir.1997); *Bernstein v. Lind–Waldock & Co.,* 738 F.2d 179–86 (7th Cir. 1984); *In re MTBE,* 510 F.Supp.2d at 307–19.

## B. Plaintiffs' Noncompliance with Regulatory Service Requirements Does Not Deprive the Court of Subject Matter Jurisdiction.

█ The parties agree—Plaintiffs did not strictly comply with the regulatory service requirements; they failed to serve the EPA Regional Administrator and Esso's registered agent. Esso contends that this failure deprives the court of subject matter jurisdiction and warrants dismissal. Plaintiffs respond that "it is well established that having complied with statutory requirements, a breach of the regulatory requirements is not cause for dismissal." Docket No. 793, p. 10.

█ Having thoroughly considered all of the parties' arguments, the court concludes that Plaintiffs' noncompliance with the regulatory service requirements does not require dismissal for lack of subject matter jurisdiction. The First Circuit demands strict compliance with statutory pre-litigation notice requirements. Absent strict statutory compliance, the court lacks subject matter jurisdiction over a CWA or RCRA claim. *Garcia,* 761 F.2d at 79–80.[6] *Garcia,* which remains good law, speaks only of statutory notice requirements. It says nothing of the EPA regulatory notice requirements. Esso has not cited and the court cannot find a case in which the First Circuit addressed the issue of regulatory compliance, particularly compliance with

regulatory service requirements. Notwithstanding, Esso maintains that, under *Garcia,* Plaintiffs must strictly comply with the regulatory notice provisions. The court disagrees.

Courts have hesitated to dismiss citizen suits when the only issue is plaintiff's noncompliance with regulatory service requirements. *See Voss v. Waste Mgmt. of Ill., Inc.,* No. 05 C 1510, 2006 WL 305781, at *6–7, 2006 U.S. Dist. LEXIS 4302, at *20–21 (N.D.Ill. Feb. 2, 2006) (concluding strict compliance with regulations not mandatory); *Walker v. Teledyne Wah Chang,* 423 F.Supp.2d 647, 650 (S.D.Tex. 2003) (excusing plaintiffs' failure to serve EPA Regional Administrator); *College Park Holdings, LLC v. Racetrac Petroleum, Inc.,* 239 F.Supp.2d 1322, 1332 (N.D.Ga.2002) (acknowledging compliance with regulations preferred but holding procedural deficiencies in service do not deprive court of subject matter jurisdiction); *Two Rivers Terminal, L.P. v. Chevron USA, Inc.,* 96 F.Supp.2d 426, 432 (M.D.Pa. 2000) (concluding court had subject matter jurisdiction despite plaintiffs' failure to strictly comply with regulatory service requirements). Esso cites no case in which a court dismissed a citizen suit solely on the basis of noncompliance with the regulations' service requirements. The court can find only one such case. *See Darbouze v. Chevron Corp.,* Civil Action No. 97–2970,

---

**6.** One Magistrate Judge in the District of Maine concluded that the *Garcia* strict compliance rule mandates only strict compliance with the statute's timing requirements, not the regulations' content requirements. *See City of Biddeford v. Me. Energy Recovery Co.,* 323 F.Supp.2d 111, 113 (D.Me.2004). Additionally, courts are split regarding whether the statutory notice and delay requirement is jurisdictional. *Hallstrom* stopped short of deciding whether RCRA's notice requirements are jurisdictional in the strict sense. *See Hallstrom,* 493 U.S. at 31, 110 S.Ct. 304. Circuit courts have reached varying conclu-

sions. *Compare, e.g., Am. Canoe Ass'n v. Attalla,* 363 F.3d 1085, 1088 (11th Cir.2004) (describing notice requirements as more procedural than jurisdictional), *and Lockett v. EPA,* 319 F.3d 678, 682–83 (5th Cir.2003) (refusing to consider nonjurisdictional notice argument raised for first time on appeal), *with Garcia,* 761 F.2d at 79–80 (declaring strict compliance with statutory requirements jurisdictional prerequisite to suit), *and Waterkeepers N. Cal. v. AG Indus. Mfg., Inc.,* 375 F.3d 913, 916 (9th Cir.2004) (noting Ninth Circuit requires compliance with notice provisions for jurisdiction).

1998 WL 42278, at \*2–3, 1998 U.S. Dist. LEXIS 81, at \*6–7 (E.D.Pa.1998) (rejecting plaintiff's improperly served notice and holding *Hallstrom* required dismissal).

The court finds the majority position persuasive. The distinctions Esso draws between this case and *Voss, Walker, College Park,* and *Two Rivers* do not render their reasoning unpersuasive. Like plaintiffs in *Voss, Walker, College Park,* and *Two Rivers,* Plaintiffs strictly complied with the statutory notice requirements, satisfying the jurisdictional rule established in *Garcia.* Plaintiffs' served notice upon all the statutorily required entities. They sent their letter to Esso and to the CEO of Esso's parent corporation. The court concludes that, faced with such facts, dismissal for lack of subject matter jurisdiction is not warranted.

Esso cites three cases to support its argument that strict compliance with the regulations is required. *See Nat'l Parks & Conservation Ass'n v. Tenn. Valley Auth.,* 502 F.3d 1316, 1329 (11th Cir.2007); *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy,* 305 F.3d 943, 950 (9th Cir.2002); *Sierra Club Ohio Chapter v. City of Columbus,* 282 F.Supp.2d 756, 763 (S.D.Ohio 2003). None of the cases binds this court. Moreover, each cases is of limited persuasive value here. First, each deals solely or primarily with a plaintiff's noncompliance with regulatory content, not service, requirements. *See Nat'l Parks,* 502 F.3d at 1329–30 (dismissing claim for failure to provide enough information to identify allegedly violated standards, dates of violation, and relevant activities with degree of specificity required by regulations); *Henry Bosma Dairy,* 305 F.3d at 953 (refusing to dismiss complaint where notice contained adequate notice of alleged violations); *Sierra Club Ohio,* 282 F.Supp.2d at 776 (dismissing complaint where notice did not contain contents prescribed by regulations). Second, *National Parks* does not stand for the proposition that regulatory notice requirements are jurisdictional as Esso contends. The word "jurisdiction" appears nowhere in the opinion, except with respect to the appellate court's jurisdiction to review a denial of summary judgment. *See Nat'l Parks,* 502 F.3d at 1330. Additionally, the Eleventh Circuit has stated that "the notice requirement is more procedural than jurisdictional." *Am. Canoe,* 363 F.3d at 1088 (citing *Lockett,* 319 F.3d at 682–83). *National Parks* did not overrule *American Canoe Ass'n.*

The court has evaluated all of the parties arguments and concludes that Plaintiffs' noncompliance with regulatory service requirements does not mandate dismissal for lack of subject matter jurisdiction.[7] The court now proceeds to address Esso's content-related arguments.

## C. Plaintiffs Complied with Regulatory Content Requirements.

The court has concluded that strict compliance with the regulations' notice requirements is not a jurisdictional prerequisite. Notwithstanding, it will address the parties content-related arguments given that several courts have held that failure to comply with the content requirements warrants dismissal. *See, e.g., Nat'l Parks,* 502 F.3d at 1329–30; *Karr v. Hefner,* 475 F.3d 1192, 1201–06 (10th Cir.2007); *Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of N.Y.,* 273 F.3d 481, 485–

---

**7.** Esso's *Chevron* deference argument does not change the result here. The court does not conclude that the EPA's regulation's are improper. The court only concludes that strict compliance with the regulatory service requirements is not a mandatory jurisdictional prerequisite.

88 (2d Cir.2001); *Atl. States Legal Found. v. United Musical Instruments,* 61 F.3d 473, 478 (6th Cir.1995); *Natural Res. Council of Me. v. Int'l Paper Co.,* 424 F.Supp.2d 235, 248–51 (D.Me.2006); *Sierra Club Ohio,* 282 F.Supp.2d at 776.

 The regulations require notice sufficiently specific to permit the alleged violator to identify the basis of the citizen's claim. 40 C.F.R. §§ 135.3(a), 254.2(a)(1). "The key [content-related] language in the notice regulation is the phrase 'sufficient information to permit the recipient to identify' the alleged violations and bring itself into compliance." *Henry Bosma Dairy,* 305 F.3d at 951 (quoting 40 C.F.R. § 135.3(a)); *see also Atl. States Legal Found., Inc. v. Stroh Die Casting Co.,* 116 F.3d 814, 819–20 (7th Cir.1997) ("In practical terms, the notice must be sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit.... The key to notice is to give the accused company the opportunity to correct the problem."). The citizen need not, however, list every specific aspect, detail, or ramification of every alleged violation. *Pub. Interest Research Group of N.J., Inc. v. Hercules, Inc.,* 50 F.3d 1239, 1248 (3d Cir.1995). The court must assess the overall sufficiency of the notice in light of the purpose behind the notice provisions. *Henry Bosma Dairy,* 305 F.3d at 951. The First Circuit has recognized "that the notice must adequately inform the [alleged violator] of the exact grievances against it" if it is to fulfill the purpose of the notice provisions. *Water Keeper Alliance,* 271 F.3d at 29–30.

 Here, the court must determine whether, in practical terms, Plaintiffs' notice was sufficiently specific to permit Esso to identify the violations and to determine what corrective actions would avert a lawsuit. The court has carefully reviewed the notice letter and its addenda and concludes that they are sufficiently specific to comply with the regulations' content requirements.

The letter sets forth in some detail the specific UST regulations Esso allegedly violated. The notice adequately describes ongoing conduct, including but not limited to failure to remove free product and failure to report, investigate, and clean up spill, that allegedly violated the specified regulations. The letter also asserts that Esso contributed to the past and present handling of waste which presents an imminent and substantial endangerment to health or the environment. The letter identifies the entity responsible for the alleged violations. The location of the alleged violations is sufficiently described. The letter includes a time frame during which the alleged violations occurred. The letter contains Plaintiffs' names and their attorney's contact information; this satisfies the regulatory mandate because it permits the government and Esso to negotiate with Plaintiffs. Accordingly, the letter included sufficient information to permit the recipients to identify the specific permit, standard or, regulation, condition, requirement, or order which had allegedly been violated; the activity alleged to constitute a violation; the person or persons responsible for the alleged violation; the date or dates of the violation; and the full name, address, and telephone number of the persons giving notice.[8]

## IV. Conclusion

For the reasons discussed above, the court **DENIES** Esso's motion to dismiss

---

8. The notice letter identifies nearly 100 plaintiffs and excludes only eight. The court declines to dismiss the complaint as to the eight individuals not named in the initial notice letter.

for lack of subject matter jurisdiction (Docket Nos. 771, 784).

**SO ORDERED.**