Carmen Marrero **HERNANDEZ**, et al., Plaintiffs,

v.

**ESSO STANDARD OIL COMPANY (PUERTO RICO); Carlos Rodriguez Perez, Defendants.**

Civil No. 03–1485 (GAG)(JA).

United States District Court, D. Puerto Rico.

Feb. 25, 2009.

José Hernández–Mayoral, Manuel San Juan, Juan H. Saavedra Castro, Rafael E. Garcia Rodón, San Juan, PR, for Plaintiff or Petitioner.

John F. Nevares, San Juan, PR, for Defendant or Respondent.

### ORDER

GUSTAVO A. GELPÍ, District Judge.

This matter is before the court on defendant Esso's request in open court that plaintiffs be prevented from presenting certain evidence related to Esso's alleged mismanagement of hazardous substances resulting from the underground storage tank ("UST") leaks at the La Vega service station, which are the subject of this suit. Esso argues that plaintiffs filed suit alleging violations to Subchapter IX of the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. §§ 6901 et seq., which governs USTs, but that plaintiffs do

not have a claim under Subchapter III/C, 42 U.S.C. §§ 6921 et seq., related to the treatment, storage, or disposal of hazardous substances, because the court already ruled (Docket No. 886) that plaintiffs' claims as to hazardous waste are precluded for not having been identified in the prelitigation notice or the original complaint.[1] Esso's contention is not entirely accurate.

The ruling referred to by Esso was made at Docket No. 886 and reads as follows:

> The Court hereby PRECLUDES the plaintiffs from presenting at this post-ninth-inning stage new theories of liability as espoused in contention interrogatory responses. These theories were not specifically advanced earlier during this litigation, nor in the amended complaint. [ . . . ] No ruling is being made at this time as to whether plaintiffs may use any such evidence in their case and chief, or for injunctive relief or penalty purposes. [ . . . ] This matter must be determined on an item by item basis at the appropriate juncture, for example, after the filing of the joint proposed pretrial order when the plaintiffs announce their specific trial evidence and theory of the case. Plaintiffs, however, are forewarned that the court will not look with favorable eyes any trial theory of liability which is premised mainly on the now precluded claims.

The court made a general pronouncement as to the impropriety of bringing new theories of liability "not specifically advanced earlier during this litigation, nor in the amended complaint." Even though Esso proffered in its motion to preclude a list of assertions made by plaintiffs in their answers to interrogatories, which Esso considered "entirely new legal theories," see Docket No. 871 at 2–4, the court did not preclude any specific arguments or theories raised by plaintiffs at that time. The court considered it necessary to examine every item on a case-by-case basis and clarified that no ruling was being made at that time "as to whether plaintiffs may use any such evidence in their case in chief or for injunctive relief or penalty purposes." What is more, at the time of this ruling, the court had considered and denied Esso's argument that the prelitigation notice was insufficient to award this court jurisdiction over the claims asserted in the original complaint, because the same had complied with the statutory notice and delay requirements. *Marrero Hernandez v. Esso*, 571 F.Supp.2d 305, 312 (D.P.R.2008), Docket No. 849 at 8.[2]. The court stated in a footnote to this previous order that the fact that the nonadversarial notice period had been preserved in this case through the prelitigation notice, "combined with the unusual facts of this case, arguably supports Plaintiffs' argument that its amended complaint was effective, the amended complaint potentially cured any jurisdictional defect in the original complaint, and that the court should direct its jurisdictional inquiry to the amended complaint." *Id.* at 312 n. 5. Thus, the court looks to plaintiffs' amended complaint in order to determine which theories of liability are properly before the court and whether or not particular evidence can be presented at this juncture.

---

1. Esso also presented this argument in its Further Informative Motion Re Jury Trial on Plaintiffs' Federal Claims, Docket No. 1001 at 3–5.

2. Counsel for Esso argued in court that plaintiffs' November 4, 2004 notification letter constituted a "post-litigation" notice, which is insufficient to allow plaintiffs to proceed with their RCRA claims of inadequate handling of hazardous waste. This argument was considered by the court in issuing its opinion and order (Docket No. 849). Therein, the court concluded that plaintiffs's RCRA claims were properly before this court.

In the second cause of action of plaintiffs' second amended complaint they allege that "hazardous wastes resulting from the release, leak or spills from the ESSO Station have been *illegally generated and inadequately stored and disposed of* as 'non-hazardous,' 'special' and/or industrial waste in violation of RCRA Subchapter III in a facility which is not a[sic] permitted by the U.S. Environmental Protection Agency as a RCRA final disposal facility. These violations to RCRA also remain unabated." See Docket No. 18 ¶ 53 (emphasis added). Plaintiffs are not precluded from bringing evidence that is reasonably related to their contention that Esso mismanaged wastes that resulted from the release, leak or spills at the La Vega service station, in violation of Subchapter III of RCRA, because a fair reading of the above transcribed second cause of action indicates that such theory was advanced in the amended complaint. The new theories of liability that the court precludes in its order (Docket No. 886) are those which cannot be reasonably considered as related to the UST leaks themselves and the consequent disposal of wastes. For example, in their contention interrogatory responses plaintiffs advanced the theory that in late 2003 or early 2004 Esso did not notify the EPA that six drums of used oil filters were found at the station. *See* Docket No. 871–2 at 28–29. Such an allegation, and any evidence to that effect, would be precluded by the court's order at Docket No. 886. However, evidence that Esso removed USTs and did not dispose of the contaminated, excavated soil in a lawful manner would certainly fall under plaintiffs theory of liability: that Esso illegally generated *and inadequately stored and disposed of* hazardous wastes resulting from the UST leaks at the station.

Therefore, the court **DENIES** Esso's motion to exclude plaintiffs' evidence regarding the excavation of the USTs and the disposal of contaminated soil,[3] in as much as it falls under the theory of liability advanced in plaintiffs' second cause of action of the second amended complaint and is not precluded by this court's previous ruling. All other objections to the inclusion of evidence along the same lines as discussed in this order shall be considered at the appropriate juncture, with reference to the analysis contained herein.

**SO ORDERED.**

---

**3.** Items 10 and 11 of Esso's Motion to Preclude, Docket 871 at 4 ("New Claims Nos. 10 & 11").